Nov. Term,
1856.

Muir
v.
Gibson.

If the attestation was sufficient in *Ohio*, with the addition of the judge's certificate, the transcript becomes, in *Indiana*, proof of as high a nature as an inspection by the Court in *Ohio* of its own records, or as an exemplification would be in any other Court of the State of *Ohio*, viz., evidence of the highest nature, record evidence. See act of Congress of *May* 26, 1790; (2 R. S. p. 94); also 7 Cranch, 481; 1 Pet. 352.

This is a judgment, and a judgment is conclusive in every other State. See Pet. Dig. vol. 1, p. 701, ss. 1158, 1159; vol. 2, p. 96, ss. 98, 107—p. 97, s. 10—p. 98, ss. 17, 20.

The construction given by the courts of a state to its own laws, become part of the law, binding not only upon the courts of other States, but even upon the courts of the *United States*. See. Pet Dig. vol. 1, under the head "Decisions of State Courts," commencing on page 529, and especially under sections 7, 9, 10, 17, 20, 21, 23, 25, 27, 34, 40.

The judge's official character requires no indorsement. It proves itself, at least *prima facie*. Pet. Dig. vol. 2, p. 318, s. 38. Livingston's Law Magazine, for *January*, 1854, p. 77. *Dwight* v. *Richardson*, 12 Sm. and Marsh, 325.

The present clerk is the legal successor of the clerk of the Commercial Court, and the successor can do whatever his predecessor could do. See *Parker* v. *The State*, 8 Blackf. 292. In that case the transcript was certified by a successor in office, his own statement being the only evidence that he was such successor. Its admission the Supreme Court decided was right.

See also the case of *Steel* v. *Rope*, 6 Blackf. 176. It is there held, that "the mere certificate of the justice, that the warrant was on file in his office was *prima facie* evidence that it was legally, in his custody."

---

## Muir and Another *v.* Gibson and Another.

Section 238 of the practice act of 1852, removes all objections to the competency of a witness by reason of any incapacity from crime or interest.

The construction put upon section 302 of the same act in *Moore* v. *Allen*, 5 Ind. R. 521, and *Johnson* v. *Cook*, 7 Ind. R. 240 is affirmed in this case.

Bill in chancery by *A.* against *B.* and *C.*, alleging that *C.* had purchased a lot of *B.*, from whom he had received a bond conditioned for the conveyance of said lot to him, on payment of the purchase-money;

that, to secure an indebtedness, *C.* had assigned the bond to *A.*; that *C.* had paid *B.* for the lot, but had received no conveyance; and that exclusive of said property *C.* was insolvent. Answers, cross-bill, replication, &c. Issue formed. *C.* died before trial, and his administrator was made defendant in his stead; but his heirs were omitted. · Trial by the Court. Lot ordered to be sold for the payment of *A's.* claim, &c. *Held*, that this proceeding was analogous to the foreclosure of a mortgage, and the heirs of *C.* were indispensable parties. Where a defect of parties is of such a character as to leave the judgment of the Court no foundation on which to rest—such as can neither be waived nor cured—the Supreme Court will arrest the proceedings and remand the cause, although the defect is not assigned for error.

*Friday,*
*November 28.*

APPEAL from the *Decatur* Circuit Court.

GOOKINS, J.—*Gibson* and *Swem* brought their bill in chancery against *Robinson* and *Muir*, alleging that *Robinson* had purchased a lot in the town of *Greensburgh* from *Muir*, from whom he had received a bond conditioned for the conveyance of said lot to him on full payment of the purchase-money—being 300 dollars; that to secure an indebtedness, he had assigned said bond to them, which they then held as such security; that *Robinson* had fully paid *Muir* the purchase-money for the lot, but had received no conveyance therefor; that exclusive of said property, *Robinson* was insolvent.

*Robinson* answered, admitting the facts stated in the bill, except his insolvency, which he denied, and alleging that he had fully paid *Muir* for the lot.

*Muir* answered, denying that *Robinson* had paid said purchase-money.

*Robinson* thereupon filed an amendment to his answer, setting forth particularly the manner in which he had paid *Muir ;* and also a cross-bill against *Muir* and the plaintiffs, which set forth at great length dealings between himself and *Muir* for many years,—consisting of the loaning of money, and the giving of notes by *Robinson* to *Muir* therefor at usurious interest; alleging payment of all that was lawfully due on account of such loans, and claiming a set-off against *Muir* for profes-

sional services as an attorney at law, exceeding the con-
sideration agreed to be paid for the lot; averring that
he had made lasting and valuable improvements upon
it; and that the plaintiffs and *Muir* had confederated
to defraud him and to subject the property to sale, &c.

*Gibson* and *Swem* answered the cross-bill denying the
confederation. Their answer contains no new matter.

*Muir's* answer to the cross-bill denies all its material
allegations, and sets up affirmatively an indebtedness to
a large amount from *Robinson* to him,—setting forth the
particulars of it, and exhibiting various notes of *Robin-
son*, which he alleged to be due and unpaid. These are
the same notes which *Robinson* charged to be usurious.
He also exhibited receipts signed by *Robinson*, acknowl-
edging payment for most or all of the professional ser-
vices which *Robinson* claimed as a set-off.

To this answer, *Robinson* filed the common replication
in chancery.

The plaintiffs took the deposition of *Robinson*, who
testified to the facts alleged in his cross-bill in regard to
the usury, and to the correctness of his account for pro-
fessional services, and that he had applied that account
as a payment for the lot.

*Robinson* having died, his administrator was made
defendant in his stead.

Thus far the proceedings were had under the former
chancery practice. At this point in their progress, the
code of 1852 took effect, under which there was a trial
by the Court, a finding of the amount due from *Robin-
son* to the plaintiffs,—that *Robinson* assigned said title-
bond to them to secure the payment of the sum so found
due, and adjudged that the plaintiffs recover said sum,
—that it was a lien upon said lot, which was ordered to
be sold by the sheriff, and after payment of the plain-
tiffs' debt, interest and costs, that he pay the overplus to
*Muir*, and that *Muir* hold the title to the lot subject
only to the claim of the plaintiffs.

*Muir*, before entering upon the trial, moved to sup-

press the deposition of *Robinson* on the ground that he was incompetent. The Circuit Court refused to suppress it, and that ruling is assigned for error. The 2 R. S. 1852, p. 80, s. 238, removes all objections to the competency of a witness by reason of any incapacity from crime or interest; and the same statute, p. 97, s. 302, provides that a party to a suit may be examined as a witness by his co-plaintiff or co-defendant where their interest is not joint. According to the construction put upon this statute in the cases of *Moore* v. *Allen*, 5 Ind. R. 521, and *Johnson* v. *Cook*, 7 Ind. R. 240, *Robinson* was a competent witness, at the time of the trial, and his deposition was properly admitted.

It is assigned for error that the case was tried without an issue upon the answer of *Muir;* but this is a mistake. There was a joint replication to the answer of *Gibson* and *Swem* and of *Muir* to the cross-bill of *Robinson*. The answer of *Gibson* and *Swem* contained no new matter to be replied to, and the replication put in issue the affirmative matters in *Muir's* answer, which put the case at issue.

There is, however, a radical defect in these proceedings, for which the judgment must be reversed. The proper parties were not before the Circuit Court. *Robinson* being dead his administrator was made a party, perhaps unnecessarily, and his heirs, who were indispensable parties, were omitted.

This proceeding was analogous to the foreclosure of a mortgage, and the property was ordered to be sold. This defect is not assigned for error; but where the defect for the want of parties is of such a character as to leave the judgment of the Court no foundation on which to rest,—one which can be neither waived nor cured,— we conceive it to be the duty of this Court to arrest the proceedings, and remand the cause, with instructions to bring in the proper parties.

*Per Curiam.*—The judgment of the Circuit Court is reversed at the cost of the appellees, and the cause re-

manded with instructions to that Court to require the <span>Nov. Term, 1856.</span> plaintiffs to make the heirs of *Robinson* parties to the suit, and for further proceedings not inconsistent with <span>THE STATE v. WILLIAMS.</span> this opinion.

*J. Gavin* and *J. R. Coverdill*, for the appellants.

*J. S. Scobey* and *W. Cumback*, for the appellees.