## HARWOOD v. MARYE et al.

In this State, all the property, both real and personal, belonging to the estate of a deceased person, goes into the possession of the administrator, who is therefore a necessary party to all suits affecting it.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff filed his bill against George T. Marye and Wm. Smith, to foreclosure a mortgage made by G. T. Marye and J. Caleb Smith, now deceased. The complaint alleges that William Smith is the heir of J. Caleb Smith, and asks for an order of service of summons by publication upon him, which was granted, and service so made. Judgment by default was entered in favor of plaintiff. Defendants appealed.

*Howard & Goold* for Appellants.

*Fabens & Tracy* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., and FIELD, J., concurring.

This action was instituted to foreclose a mortgage on land executed by George F. Marye and J. Caleb Smith.

The complaint, after setting out the note and mortgage sued on, alleges that Smith, one of the mortgagors, is dead; that one William Smith, a resident of Virginia, is his heir, and asks that service be made on the heir, by publication, which was done.

It does not appear whether there was any administrator of the estate of Smith; the plaintiff seems to have proceeded under the idea that the heir was the only person interested in or capable of exercising control over the real estate of the deceased.

This doctrine never obtained in California. By our statute "regulating the settlement of estates," all property of the deceased, both real and personal, goes into the possession of the

administrator. The administrator being entitled to the possession of the real property, must be made a party to all suits affecting it. The complaint is therefore defective for want of proper parties.

Judgment reversed, and bill dismissed.