## S. G. BRITTON v. EDMUND L. HUNT.

PARTIES; *Foreclosure of Mortgage; Heirs of Deceased Mortgagor.* In an action to foreclose a mortgage where the mortgagor is dead, his heir is an indispensable party; and no judgment for the sale of the premises can be the basis of a title, where the administrator is alone the party to the suit.

### *Error from Lyon District Court.*

EJECTMENT, brought by *Hunt*, who claimed to be the legal and equitable owner of the premises in controversy. *Britton* answered, admitting possession, but denying plaintiff's title and right of possession. The case was tried at the December Term 1870, upon an agreed statement of facts, a sufficient statement of which appears in the opinion. The district court found as conclusion of law that the plaintiff was the legal and equitable owner of the premises, and entitled to the possession of the same, and gave judgment accordingly. *Britton* brings the case here by petition in error. [The record does not show that *Britton* had any title or right of possession beyond the mere fact of actual possession. In his *answer* he alleged that he owned and held a tax title to one-half the premises; but such claim seems to have been abandoned in this court, probably because a tax title as against minor heirs, (Gen. Stat., ch. 107, §§ 101, 105,) may be wholly defeated by redemption.]

*Peyton & Sanders* for plaintiff in error:

1. By the common law personal property goes to the administrator, and the real estate to the heir; and our statute nowhere changes the rule. It is true that the administrator takes possession of land and disposes of rents and profits, and so did the guardian under the common law; yet no one will contend that the land went to the guardian, or that the heir was not an indispensable party to a foreclosure suit. That personal property goes to the administrator and real estate to the heir, see Comp. Laws, 543, § 215, and p. 469, §§ 5, 16. That the heir must be a party to a foreclosure suit, see Comp.

Laws, p. 192, § 421; Barbour on Parties, 490, 491, 496; 1 Ind., 35; 30 id., 94; 2 Bibb, 547; 4 Littell, 348; 5 id., 48; 2 Marsh., 182; 5 B. Monroe, 602; 7 id., 476; 2 J. J. Marsh., 13; 7 id., 376; 1 Blackf., 324; 1 Ohio St., 369.

Harmon Bassett, the heir, not being made a party to the foreclosure suit, was not by virtue of said suit divested of his title or interest in and to said real estate and is therefore the real owner of the same; and plaintiff in error being in actual possession of said premises, his title is good against all the world save the real owner. This principle is too well settled to need authority.

2. A personal judgment against the administrator would not authorize the issuing of an execution against the property of a decedent. A judgment to become a claim against the estate must be filed in the probate court. No authority can be found for issuing an execution or order of sale from the district court against the property of a decedent. Hence the issuing of the order of sale in the foreclosure suit, and the proceedings under it, were void. Comp. Laws, pp. 534, 540, §§ 151, 153, 154, 155, 157, 172, 189, 191; 7 B. Mon., 481.

3. The mode of selling land to pay the debts of decedents is prescribed by statute; and like all other statutory proceedings, in order to acquire any right or title to property by virtue thereof, the statute must be strictly followed, otherwise the proceeding is void. Comp. Laws, p. 529, §§ 118, 119, 120, 121, and 141.

*Almerin Gillett*, for defendant in error:

1. The particular error which plaintiff in error assigns is, "That the district court should have rejected the judgment of foreclosure, and proceedings thereon, in the case of 'Ebenezer Maynard against J. H. Hunt as administrator of the estate of E. D. Bassett.'" It is contended that said judgment is void, and can constitute no link in the chain of title of defendant in error; and upon this question hangs the case.

All persons should be made defendants in a foreclosure suit who have an equity of redemption in the mortgaged premises,

or any right, title, interest or claim therein: 1 Bouv. Law Dic., Title, *Equity of Redemption*, 3; 4 Kent Com., 181, 186; 2 Hill on Mort., 3d ed., p. 162, § 85.  That Bassett's administrator had such an interest or right in this real estate, both upon principle and authority, as made him a necessary party, see authorities above cited; also Comp. Laws, ch. 91, §§ 41, 55, 56, 59, 94, 118, 222; Cooley's Mich. Dig., 1592 to 1595; and of course, if the administrator was a necessary and proper party the foreclosure proceeding is not a nullity.

It is the universal practice in this state upon the foreclosure of a mortgage to take a personal judgment against the mortgagor for the amount of the debt secured by such mortgage, and a decree of foreclosure and for the sale of the mortgaged premises and application of the proceeds, and that execution issue for any balance.  Then, after the moneys arising from such sale are properly applied, execution for the unpaid balance of such judgment issues against the judgment-debtor, the mortgagor.  After the decease of the mortgagor the only way in which such a result can be obtained is by making the administrator a party, in which event, after properly applying the proceeds of the sale of mortgaged premises, the unpaid balance becomes an ascertained claim against the estate, and thereupon it becomes also a legally exhibited demand against the administrator: Comp. Laws, p. 535, § 154; Gen. Stat., p. 448, § 83.  Hence, said judgment of foreclosure having been rendered against a *proper party*, no matter how irregular the proceedings may have been, it cannot be deemed a nullity, and cannot be impeached collaterally: 1 Ind., 130, 296.

2. There is another view which may be taken which we think affords equally strong reasons with the foregoing : At common law a mortgage is a conveyance of an estate, subject to be defeated by a condition, and the right to the possession of the mortgaged premises accrued to the mortgagee upon the delivery of the mortgage.  The title thus conveyed was a good title against all the world, subject only to the mortgagor's defeasance—and thereunder the mortgagee could maintain

ejectment against the mortgagor or any other person. This common-law right has been modified by courts of equity, and by statute, for the purpose of protecting the rights of the mortgagor; but these humane modifications were never intended to protect the possession of a mere trespasser. This common-law right of the mortgagee was somewhat modified by § 7, p. 771, of Comp. Laws, (in force when Bassett gave his mortgage,) which section we think only intends to allow the mortgagor possession as against the mortgagee, but is not intended to abridge the common-law right of the mortgagee to maintain ejectment for mortgaged premises against a mere trespasser in possession.

3. Upon the authority of 16 Ohio, 125, 12 Wis., 572, 6 Wis., 30, 244, and 14 Pickering, 374, the proceedings had in this foreclosure case and the subsequent conveyances are sufficient to work an assignment of the mortgagor's interest in said premises to plaintiff below, together with all the right and title except the heir's right to redeem. We admit that the heir, Harmon Bassett, should have been made a party, and so should every person have been made a party who had any interest in the property posterior to the date of this mortgage. But says the court, in 16 Ohio, "Suppose some one who should be made a party is not, and a decree passes, what is the consequence? If the court have jurisdiction, all parties before it will be bound by the decree. As to those not parties, the decree does not affect them: their interests remain as they were. When the bill is filed the legal title as between parties and privies is in the mortgagee. The object of the bill is, that this may be sold, divested of any equity of redemption—and it seems clearly to the court that when it is sold the purchaser takes the interest not only of the defendants in the case, but the interest of the mortgagee—and that he takes it divested of any right of redemption on the part of those who are parties to the proceedings. So far as the land is concerned he is subrogated to all the rights of the mortgagee. A junior vendee of the mortgagor under such circumstances cannot recover in ejectment against the pur-

chaser at the judicial sale. True, his interests are not affected by the decree and sale. *Still the decree is not a nullity.* As to the mortgagee, and those claiming under him, he has, and never had any other interest than a mere equity of redemption. That right still remains. He may have a bill to redeem, but he cannot sustain an ejectment." *Frische v. Kramer's Lessee,* 16 Ohio, 125. To the same effect is 12 Wis., 572. Clearly, if the heir, who is the owner of the equity of redemption, could not sustain an action of ejectment against any assignee in possession, cannot we safely assume that such assignee, although out of possession, has a title paramount to the title of plaintiff in error, who is a mere trespasser in possession?

The opinion of the court was delivered by

KINGMAN, C. J.: E. D. Bassett and wife executed a mortgage on block five in the town of Hartford, Lyon county. Soon thereafter the wife died, and a little later Bassett died, leaving a son, a minor. J. H. Hunt became the administrator of Bassett's estate. An action was brought by the holder of the mortgage against the administrator to foreclose the mortgage. The heir was not made a party to the action. A judgment was rendered against the administrator of foreclosure, under which the block was sold, and a sheriff's deed in due time made to the purchaser. The defendant in error by regular conveyances became the holder of the title under the sheriff's deed, and brought an action of ejectment to recover the property, and on a trial by the court obtained judgment for the recovery of the real estate mentioned. The only question in the case is, Did the purchaser under the judgment of foreclosure obtain the legal title to the property? We think he did not. The land descended to the heir, burdened with the lien of the mortgage, and subject in certain contingencies to the payment of the debts of the decedent. The land so belonging to the heir, he became a necessary party to any suit affecting the land. The legal title was in him, and he was interested also in contesting the claim against his

property. The administrator might have been joined with the heir if it was desired to obtain further relief against the estate of the decedent. The authorities on this point seem to be harmonious, or nearly so. No judgment or decree can be entered until the heir is before the court. Story's Eq. Pl., § 194; 4 Kent's Com., 185, side page; 2 Hilliard on Mort., 140; Barbour on Parties, 494; *Graham v. Carter*, 2 Henning & M., 6; *Mayo v. Tomkins*, 6 Munford, 520; *Lane v. Erskine*, 13 Ill., 501; *Moore v. Starks*, 1 Ohio St., 369.

The judgment must be reversed.

All the Justices concurring.