JOHN W. CURTIS V. CLAUDE F. PARKER, *et al.*

PARTITION; *Heirs not Divested of Title.* A held a mortgage executed by B and his wife C upon real estate owned by B, to secure a promissory note executed by B and C; B died seized in fee simple of the real estate, leaving as his heirs C and three children; A then foreclosed. the mortgage, but made C the only defendant; at sheriff's sale he purchased the property for a sum less than the judgment, and after the sale C conveyed other property to A in full satisfaction of the balance due on the judgment and costs. *Held,* The judgment of foreclosure did not divest the children of B, deceased, of their title or estate in the property, and in an action brought by said heirs to partition the property, neither A nor his grantee could ask for a foreclosure of the mortgage against said heirs, as the debt secured thereby had been paid, and the said `heirs were not called upon to redeem from the mortgage, as no lien or judgment existed against the property.

*Error from Johnson District Court.*

ACTION in partition, commenced by *Scott F. Parker* and *Blanche G. Welborne* against *Ralph Parker* and *John W. Curtis.* Trial at the June Term, 1882, of the district court. The court made and filed the following conclusions of fact and law:

"1. That P. G. Parker was, on the 22d day of March, 1876, the owner in fee of the north one-fourth of block No. 6, in Maverty's addition to the town of Spring Hill, Johnson county, Kansas; and on that day said Parker and wife, Rebecca F. Parker, gave their note and mortgaged said premises to Henry Stephenson for the sum of $400 and interest.

"2. That said note and mortgage were foreclosed after due in this court, at March term, 1877, by the mortgagee, after the death of said P. G. Parker, and passed to judgment and order of sale, and that Stephenson bought the said premises at the sheriff's sale for $300, thus leaving a balance due to Stephenson on the judgment for principal, interest, and costs, the sum of $278.49.

"3. That the only defendants to the foreclosure was Rebecca F. Parker as widow and heir of P. G. Parker and one of the mortgagors, and Rebecca F. Parker as administratrix of the estate of P. G. Parker, deceased.

"4. The sole surviving heirs at law of P. G. Parker, de-

ceased, were and are Rebecca F. Parker, widow, Blanche G. Welborne (formerly Parker), Ralph Parker, and Claude F. Parker.

"5. That the said premises were sold by the sheriff under the foreclosure, and Stephenson became the purchaser, and received a sheriff's deed, and afterward sold and conveyed for value to John W. Curtis, defendant in this action.

"6. That afterward the said Rebecca F. Parker conveyed to said Stephenson certain livery-stable property owned by P. G. Parker at the time of his death, in full satisfaction of the balance due on said judgment and costs, to wit, $278.49.

"7. That said Stephenson and Curtis, since the date of said sheriff's deed of July 1, 1878, have enjoyed the rents and profits of said mortgaged premises, which are of the value of $4 per month, and that they have paid all taxes assessed against said premises since said date of said sheriff's deed.

"8. That the plaintiffs and Ralph Parker are the joint owners of an equal undivided one-half part of the real property in controversy, and that the defendant Curtis is the owner of an equal undivided half of said premises.

"9. That the rents and profits received by said defendant Curtis for the years 1880, 1881, and 1882, ending June 24, 1882, is the sum of $144, and that the one-half thereof is due to the said Claude, Blanche, and Ralph Parker from the said defendant Curtis.

"10. That defendant Curtis had paid taxes on said premises to the amount of $144."

### CONCLUSIONS OF LAW.

"1. That the plaintiffs are entitled to a partition of the premises demanded in their petition, and it is now so ordered.

"2. That the costs of this proceeding be taxed to the parties to this action in proportion to their respective interests, including the sum of five dollars for the guardian *ad litem*.

"3. That the said plaintiff Claude S. Parker is the owner in fee simple of the undivided one-sixth of the following lands and tenements, situated in the city of Spring Hill, Johnson county, and state of Kansas, to wit: The north one-fourth of block six, in Maverty's addition to said city. That the said plaintiff Blanche G. Welborne is the owner in fee simple of the undivided one-sixth of said real property, and that the said defendant Ralph Parker is the owner in fee simple of the undivided one-sixth of said real property, and that the said defendant John W. Curtis is the owner in fee

simple of the undivided one-half of said real property; and that no other persons have any interest in said lands and tenements."

Thereon it was ordered:

"That partition be made of said lands and tenements hereinbefore described, as follows, to·wit: To the said Claude F. Parker the undivided one-sixth thereof; to the said Blanche G. Welborne the undivided one-sixth thereof; to the said Ralph Parker the undivided one-sixth thereof; to the said John W. Curtis the undivided one-half thereof; and that Hinman Mitchell, George Moss, and Henry Perley, be and they are hereby appointed commissioners to partition off said land between the said plaintiffs and the said defendants, according to their respective interests therein as aforesaid, if such partition can be made without manifest injury to the value thereof, and the rights of said parties therein; and that if in the opinion of said commissioners such partition of said real estate cannot be made without manifest injury to the value thereof, that they appraise the same according to law, and make report of their doings in the premises at the next term of this court."

The defendant *John W. Curtis* excepted to the judgment, and now brings the case here.

*A. Smith Devenney*, for plaintiff in error.

*Gill & Parker*, and *John A. Rankin*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the facts as found by the trial court, the statement of counsel representing plaintiff in error that Stephenson, the vendor, supposed that at the time of his purchase at sheriff's sale he was acquiring the estate in the premises of which P. G. Parker, deceased, died seized, and not simply a half-interest therein, is not fully sustained. The action to foreclose the mortgage of March 22, 1876, was commenced against Rebecca F. Parker, as widow and heir of P. G. Parker, deceased, and against her as administratrix of said estate. The other heirs were not made parties to the action, nor is it alleged that their existence was unknown, and therefore Stephenson, as the purchaser under the judgment

in the foreclosure suit which he instituted, obtained only the title of the defendant in that action. The children of P. G. Parker, deceased, might have been joined with the widow as defendants if he had desired, under the foreclosure and sale, to have divested them of their legal title to the property. (*Britton v. Hunt*, 9 Kas. 228.)

As after the sale, Rebecca F. Parker conveyed to Stephenson other property in full satisfaction of the balance due on the judgment rendered upon the note executed by her and her husband and secured by the mortgage, the mortgage has been fully paid and satisfied, and therefore the premises are no longer burdened with the lien of the mortgage or the judgment. Stephenson obtained all the title and estate at the time he purchased that he had any right to suppose he was buying when the property was struck off to him, and he is in no condition to complain, because he is bound to know the law. The heirs are not required to redeem, because there is no mortgage lien or judgment to be paid or satisfied. Plaintiff in error stands in the shoes of Stephenson, and is not entitled to any higher rights than his grantor. Neither he nor Stephenson can again foreclose the mortgage, because the debt secured thereby has been paid. The children of P. G. Parker, deceased, have not been guilty of any laches or other acts whereby they should be estopped from the recovery of any property inherited by them from their father, and the ruling of the district court upon the merits of the case must be sustained.

Objection is made to the petition. We think such objection, however, unavailing. (*Scarborough v. Smith*, 18 Kas. 399, 408–9; *Tabler v. Wiseman*, 2 Ohio St. 208, 211.)

The judgment of the district court will be affirmed.

All the Justices concurring.