[No. 4027. Decided December 23, 1901.]

MILDRED OLIVE ANRUD et al., *Appellants,* v. SCANDINAVIAN-AMERICAN BANK, *Respondent.*

FORECLOSURE OF MORTGAGES — NECESSARY PARTIES — HEIRS.

In the foreclosure of a mortgage given by an ancestor his heirs are indispensable parties, under the terms of Bal. Code, § 4640, which provides that the estate of the ancestor vests in the heirs instantly on his death, and that an heir may maintain an action, even if letters of administration have been granted,

to recover his interest in the lands against any person except the executor or administrator, and those lawfully claiming under such executor or administrator.

ACTION BY HEIRS TO SET ASIDE FORECLOSURE — NECESSITY OF TENDER.

An action by heirs who had not been made parties to a suit foreclosing a mortgage given by their ancestor to have the foreclosure decree as to their interest set aside is not devoid of equity because of failure to tender into court or to the purchaser on foreclosure sale the proportion of the debt for which their interest was pledged, since they have never had their day in court for the purpose of having determined whether, as against them, there was any sum due on the mortgage.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge.  Reversed.

*S. S. Langland,* for appellants.

*Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This is an action by Frank A. Jones, as guardian of the infant children and heirs of O. E. Anrud, deceased.  The appointment of appellant as such guardian, and the corporate capacity of the respondent, are alleged.  The complaint in substance then alleges, that Mildred Olive Anrud, Arthur T. Anrud, and Helen A. Anrud are the infant children of O. E. Anrud, deceased; that O. E. Anrud died intestate in June, 1898, being at the time of his death a resident of King county, Washington; that at the time of his death he was the owner in fee simple and possessed of a certain tract of land in said King county, as his sole and separate property and estate. The land is fully described in the complaint.  That there survive the said O. E. Anrud, as his sole heirs at law, the above named children and his widow, Matilda Anrud.  On the 29th of November, 1898, said Matilda Anrud was appointed to administer upon the estate of the said de-

cedent. On the 20th of October, 1892, O. E. Anrud and his wife executed to the appellant a mortgage of that date on the said land to secure the sum of $3,500. On the 5th of June, 1899, an action was commenced to foreclose said mortgage. Matilda Anrud, as administratrix of the estate of O. E. Anrud, and in her own right, and certain other persons, were made defendants in said action. The infant children of said O. E. Anrud were not made defendants, and they were not parties to the action, nor served with any process therein. On the 3d day of October, 1899, judgment was recovered in said action against the defendants therein, foreclosing said mortgage on said land *as to said defendants*. On the 18th of November, 1899, by virtue of said judgment and order in said action, all the interest of said defendants in said land was sold to the respondent for $2,500, leaving a deficiency, for which a judgment against said Matilda Anrud and the estate of O. E. Anrud in the sum of $3,200 was entered. Said sale was confirmed on the 31st of July, 1900. The deficiency judgment against said Matilda Anrud and the estate of O. E. Anrud was satisfied by surrender to respondent of certain collateral security. It is also alleged that all the debts of said decedent, and costs and charges of administrating his estate, have been fully paid; that the respondent is in possession of, and claims it is entitled to the possession of, *all* of said land, and claims to be the sole and exclusive owner thereof under its purchase at the foreclosure sale. It is alleged that this is a cloud upon the title of the said minor heirs. It is distinctly alleged that no action or proceeding whatever was ever brought in any court against said minor heirs to foreclose or determine their interest in said land. By the complaint they claim the undivided two-ninths interest in said land. The

prayer of the complaint is that the said judgment be declared null and void, and that the appellant minors be declared the owners of a two-ninths interest in fee simple in said land, free and clear of any adverse interest of the respondent, and that a partition on this basis be made between the minor heirs and the respondent, etc. To the complaint a demurrer was interposed by the respondent, on the ground that it did not state facts sufficient to constitute a cause of action, etc. This demurrer was sustained. The ruling of the court in this respect is assigned as error. The appellants elected to stand upon the complaint, and judgment dismissing the action was rendered. From this judgment the appeal is taken.

The appellants contend that there is but one proposition involved in this appeal, and that is, can the heirs be deprived of their right, title, and interest in the land in controversy without having been made parties to the action in the foreclosure proceeding mentioned in the complaint. The respondent contends that the minor heirs were not necessary parties to the foreclosure suit; that if they were, they cannot maintain this action, because they do not tender into court or to the respondent the proportion of the debt for which their interest in the land was pledged. We have recently held that there is no necessity for a decree or order of distribution of a probate court in order to pass title to the real property from the ancestor to the heir; that the rule as it formerly existed in this state, "that the intervention of the probate court and an adjudication and distribution thereunder are essential to the passing of the title of the ancestor to the heir so perfected as to make it beneficial to him," has been changed by the act of 1895. Laws 1895, p. 197, Bal. Code, § 4640 *et seq. Griffin v. Warburton,* 23 Wash. 231 (62 Pac. 765). Section 4640, *supra,* is as follows:

"When a person dies siezed of lands, tenements or hereditaments, or any right thereto or entitled to any interest therein in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws. No administration of the estate of such decedent, and no decree of distribution or other finding or order of any court shall be necessary in any case to vest such title in the heirs or devisees, but the same shall vest in the heirs or devisees instantly upon the death of such decedent: Provided, That no person shall be deemed a devisee until the will has been probated. The title and right to possession of such lands, tenements, or hereditaments so vested in such heirs or devisees, together with the rents, issues and profits thereof, shall be good and valid against all persons claiming adversely to the claims of any such heirs, or devisees, excepting only the executor or administrator when appointed, and persons lawfully claiming under such executor or administrator; and any one or more of such heirs or devisees, or their grantees, jointly or severally, may sue for and recover their respective shares or interests in any such lands, tenements, or hereditaments and the rents, issues and profits thereof, whether letters testamentary or of administration be granted or not, from any person except the executor or administrator and those lawfully claiming under such executor or administrator."

The language of this section leaves no room for construction. It declares that the title of the ancestor shall vest in the heirs instantly on the death of the ancestor. On the death of O. E. Anrud this title instantly vested in his heirs, and was as complete a title by operation of law as any grantee could have obtained from O. E. Anrud in his life time. Under § 4640, *supra,* the administrator is entitled only to the possession of the real estate, and to sell the same in the course of administration if there is not

sufficient personal property to pay the debts of the decedent.    There is nothing in  the law  of 1895, *supra,* indicating that the heir is divested of his estate by the appointment of the administrator.    He is not made the representative of the heir in suits affecting the property. The heir can plead payment of the mortgage, or set up any other lawful defense independent of the administrator. 2 Jones, Mortgages, § 1414.

In the foreclosure proceeding mentioned in the complaint the administratrix did not claim the real estate sold adversely to the heirs.    The claim of the respondent was adverse to the heirs as well as to the administratrix.    Respondent did not claim under the administratrix but under the ancestor.    Under the law of 1895, *supra,* the title and right to the possession of the land in the heir was good and valid against all persons claiming adversely to the claims of such heir, except the claim of the executor or administrator, or those claiming under them.    Under this law the administrator had no title in the land, but a mere right of temporary possession, with the right, in course of administration, to apply the land to the payment of the ancestor's debts, if sufficient personal property was not available for that purpose.    While the administrator may be a proper party in foreclosure proceedings, it is only in exceptional cases that he is a necessary party where the mortgagor dies seized of the fee. The rule is thus laid down by Story, and is sustained by numerous authorities.

"If the mortgagor, who is owner of the fee, should die, his heir is an indispensable party to a bill to foreclose; so that if he be without the jurisdiction of the court, the cause cannot be further proceeded in.    But, ordinarily, it is not necessary to bring the personal representative of the mortgagor, in such a case, before the court; for the

heir alone has a right to the equity of redemption, which is sought to foreclose; and the mortgage is under no obligation to intermeddle with the personal assets, or to seek an account thereof." Story, Equity Pleading (10th ed.), § 196; 2 Jones, Mortgages, § 1414; *Hill v. Townley,* 45 Minn. 167 (47 N. W. 653); *Stark v. Brown,* 12 Wis. 572 (78 Am. Dec. 762); *Britton v. Hunt,* 9 Kan. 228; *Muir v. Gibson,* 8 Ind. 187.

"They [the heirs] stood, as to the land and mortgage, in the place of their ancestor, and the plaintiff's remedy, by a foreclosure of the mortgage, was directly against them, whatever additional remedy they may have against the administrator, and without regard to the right of the heir to have the mortgage debt paid out of the personal estate of the intestate. The cause of action,—the right of the mortgagee to foreclose the mortgage—survived against the heir, not against the administrator." *Fraser v. Bean,* 96 N. C. 327 (2 S. E. 159)..

We have examined *Harwood v. Marye,* 8 Cal. 580; *Bayly v. Muehe,* 65 Cal. 345 (3 Pac. 467); *Monterey County v. Cushing,* 83 Cal. 507 (23 Pac. 700), and *Collins v. Scott,* 100 Cal. 446 (34 Pac. 1085), cited by the respondent. For reasons similar to those given in the California cases, we held in *Balch v. Smith,* 4 Wash. 497 (30 Pac. 648), that the ordinary and usual way in which the title of the ancestor descended to the heir in such a shape as to make it available to him is by a decree of distribution. The act of 1895, *supra,* which was passed since that decision, and, no doubt, in view of that decision, changes the rule there laid down, and it is expressly provided in that act, not only that the estate vests in the heir instantly on the death of the ancestor, but that the heir may maintain an action, even if letters of administration have been granted, to recover his share or interest in the lands, and the rents and profits thereof, against any person except the executor or administrator, and

those lawfully claiming under such executor or adminis-
trator. "Those claiming under such executor or administra-
tor" refers to persons and their successors who have acquired
an interest in the land through the executors or admin-
istrators by lease or sale, in due course of administration,
as where the estate is sold by the executor or adminis-
trator to pay the debts of the intestate.    As the heir may
maintain an action against all except the restricted class,
it would follow that in order to bar such an action the
heir should be made a party to foreclosure proceedings,
as the plaintiff in such proceeding does not belong to the
restricted class.   We think that the heirs were indis-
pensable parties in the foreclosure proceedings instituted
by the respondent herein to foreclose his mortgage on the
land mortgaged to it by their ancestor.

Is the complaint devoid of equity because of failure to
tender into court or to respondent the proportion of the
debt for which their interest in the property was pledged?
The minor heirs have never had their day in court, so
that it can be said, as against them, that there is any
sum due on the mortgage.    That is one of the very ques-
tions they had a right to litigate in the foreclosure pro-
ceedings.    2 Jones, Mortgages, § 1414.

It appears by the complaint that the decree of fore-
closure as to the wife's one-third of the property was
effective, and that this interest was sold; and it is ex-
pressly alleged in the complaint that only the interest of
the defendants in the action was foreclosed and sold;
that $2,500 was realized from the sale of such interest,
that there was an unpaid balance of $3,200, and that
this was afterwards paid by the administratrix and Ma-
tilda Anrud.    It has been held that where the adminis-
trator was the *sole* party, and the heirs were not parties,

although necessary parties, the sale, while it conveyed no title to the land, amounted to an equitable assignment to the purchaser of the mortgage security. *Stark v. Brown, supra.*

It may be that a mistake has been made in the foreclosure proceedings, and that equity would relieve the purchaser at such sale. As to this, however, on the facts before us, we cannot now decide, as it does not appear from the complaint in this action that any such mistake was made. If such is the case, it should be set up by the respondent by way of cross complaint.

The judgment of the court below is reversed, and this cause is remanded, with instructions to overrule the demurrer.

REAVIS, C. J., and DUNBAR, FULLERTON, HADLEY, ANDERS and MOUNT, JJ., concur.