[No. 6287.    Decided April 4, 1907.]

GRIGGS LAND COMPANY, *Appellant*, v. J. G. SMITH, *as Administrator of the Estate of John Bruster, Deceased, et al., Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—LAND UNDER CONTRACT OF SALE—PROCEEDINGS — PARTIES — STATUTES — IMPLIED REPEAL.    Bal. Code, §§ 6381 *et seq.*, providing that the probate court may authorize an administrator to convey lands which the decedent had contracted to convey, is not impliedly repealed by Bal. Code, § 4640 *et seq.*, providing that upon the death of a person, the lands of which he died seized shall immediately vest in the heirs; since repeals by implication are not favored, and lands held by the deceased under contract to convey may be treated as personalty; hence upon proceedings by the purchaser for specific performance against the administrator, under the statute, the heirs are not necessary parties defendant.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered January 30, 1906, upon sustaining a demurrer to the complaint, dismissing an action for the partition of real property.    Reversed.

*Douglas, Lane & Douglas*, for appellant.

*W. J. Canton* and *Arthur McGuire*, for respondents.

ROOT, J.—In his lifetime one John Bruster entered into a contract to convey an undivided half interest in certain land to one Bruce A. Griggs.    The contract was duly recorded. Subsequently Bruster conveyed portions of the remaining half interest in said land to other parties.    Thereafter Bruster died and respondent Smith was appointed his administrator by the superior court of Okanogan county, and duly qualified.    Under Bal. Code, §§ 6381-6391 (P. C. §§ 1292-1302), said Griggs filed his petition for the specific performance of decedent's contract with him; and such proceedings were had, in accordance with said statutes, that specific performance

[1]Reported in 89 Pac. 477.

was decreed. No appeal having been taken, the administrator executed a deed of said undivided one-half interest to Griggs. The latter and wife thereafter conveyed their interest to appellant, who brought this suit in partition. The amended complaint sets up the foregoing facts and the necessary formal matters to present the case to the court. A demurrer to said amended complaint was sustained. Appellant elected to stand upon its amended complaint, whereupon a judgment of dismissal was entered, from which this appeal is taken.

The only question presented upon appeal is this: Did the enactment of § 4640 *et seq.*, Bal. Code, (P. C. § 2718), repeal § 6381 *et seq.* (P. C. § 1292)? Section 6381, supra, reads as follows:

"If any person, who is bound by contract, in writing, to convey any real property, shall die before making the conveyance, the superior court of the county in which such real estate or any portion thereof is situate may make a decree authorizing and directing his executor or administrator to convey such real property to the person entitled thereto."

The sections following this set forth the procedure necessary to secure a decree for, and a deed of, conveyance. Section 4640, enacted in 1895, reads as follows:

"When a person dies seized of lands, tenements or hereditaments, or any right thereto or entitled to any interest therein in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws. No administration of the estate of such decedent, and no decree of distribution or other finding or order of any court shall be necessary in any case to vest such title in the heirs or devisees, but the same shall vest in the heirs or devisees instantly upon the death of such decedent: *Provided,* That no person shall be deemed a devisee until the will has been probated. The title and right to possession of such lands, tenements, or hereditaments so vested in such heirs or devisees, together with the rents, issues and profits thereof, shall be good and valid against all persons claiming adversely to the claims of any

such heirs, or devisees, excepting only the executor or administrator when appointed, and persons lawfully claiming under such executor or administrator; and any one or more of such heirs or devisees, or their grantees, jointly or severally, may sue for and recover their respective shares or interests in any such lands, tenements, or hereditaments and the rents, issues and profits thereof, whether letters testamentary or of administration be granted or not, from any person except the executor or administrator and those lawfully claiming under such executor or administrator."

Respondents urge, and the trial court held, that the last-quoted section, interpreted in the light of *Anrud v. Scandinavian American Bank*, 27 Wash. 16, 67 Pac. 364, and *Griffin v. Warburton*, 23 Wash. 231, 62 Pac. 765, had the effect of repealing § 6381 *et seq.*, and that the decree of the court and the deed made in pursuance thereof were invalid and of no effect inasmuch as the heirs of the decedent Bruster were not made parties to the proceeding. Appellant contends that § 4640 *et seq.* are not inconsistent with § 6381 *et seq.*, and that the latter were not repealed. It invokes the doctrine of equitable conversion, and cites, among other authorities, Story's Equity Jurisprudence (13th ed.), 790 and 1212, where Mr. Justice Story, among other things, says:

"There is another consideration which is incident to this subject and to which courts of equity have given an attention and effect proportioned to its importance. In the view of courts of law, contracts respecting lands or other things of which a specific execution will be decreed in equity are considered as simple executory agreements, and as not attaching to the property in any manner as an incident, or as a present or future charge, but courts of equity regard them in a very different light. They treat them for most purposes precisely as if they had been specifically executed. Thus, if a man has entered into a valid contract for the purchase of land, he is treated in equity as the equitable owner of the land, and the vendor is treated as the owner of the money. The purchaser may devise it as land even before the conveyance is made, and it passes by descent to his heir as land. The vendor is deemed in equity to stand seized of it for the benefit of the purchaser,

and the trust (as has already been stated) attaches to the land so as to bind the heir of the vendor and everyone claiming under him as a purchaser with notice of the trust. The heir of the purchaser may come into equity and insist upon · a specific performance of the contract; and unless some other circumstances affect the case he may require the purchase money to be paid out of the personal estate of the purchaser in the hands of his personal representative. On the other hand the vendor may come into equity for a specific performance of the contract on the other side and to have the money paid; for the remedy in cases of specific performance is mutual, and the purchase money is treated as the personal estate of the vendor and goes as such to his personal representatives.

"Another class of cases illustrating the doctrine of implied trusts is that which embraces what is commonly called the equitable conversion of property. By this is meant an implied or equitable change of property from real to personal, or from personal to real, so that each is considered as transferable, transmissible, and descendible, according to its new character as it arises out of the contracts or other acts and intentions of the parties. This change is a mere consequence of the common doctrine of courts of equity that where things are agreed to be done they are to be treated for many purposes as if they were actually done. Thus . . . where a contract is made for the sale of land, the vendor is in equity immediately deemed a trustee for the vendee of the real estate, and the vendee is deemed a trustee for the vendor of the purchase money. Under such circumstances the vendee is treated as the owner of the land, and it is devisable and descendible as his real estate. On the other hand the money is treated as the personal estate of the vendor and as subject to the like modes of disposition by him as other personalty, and is distributable in the same manner on his death."

We think appellant's contention must be upheld. Repeals by implication are not favored. There is nothing in the Law of 1895 (Bal. Code, § 4640 et seq.) which indicates any intention to repeal the provisions of § 6381 et seq. The latter were statutes dealing with contracts for conveyance of real estate after the grantor's decease. The statute of 1895, general in its character, provided for the descent

of the title to real estate immediately to the heirs. It was admitted that an administrator would have power to sell the property to pay debts of the estate incurred by the decedent in his lifetime. The contract that he made to convey this property was an obligation which he left unfilled at the time of his death. There would seem to be no good reason why the administrator, whose province it is to settle up the affairs of the estate, should not adjust this matter. Section 6381 provides that he should so do. The purpose of § 4640, to vest title to real estate in the heirs immediately upon the death of the ancestor, should not be held to contravene the objects of § 6381 *et seq.* The case of *Anrud v. Scandinavian American Bank, supra,* involved a mortgage foreclosure instituted after the death of the mortgagor. In this state a mortgage upon real estate is but a lien, the title to the mortgaged property remaining in the mortgagor, and, of course, descending immediately to the heirs upon his death under § 4640. But in the case at bar, the owner of the land had made a contract to convey and he could leave to his heirs only the interest then owned, which was virtually but the right to the proceeds—the holder of the contract being entitled to have the land conveyed to him upon paying the purchase price. In such cases the courts have treated the property, for purposes of administration, as personal rather than real. A recognition of this doctrine may be found in *Hyde v. Heller,* 10 Wash. 586, 39 Pac. 249. As bearing upon propositions herein suggested, see, also: *Gibson v. Slater,* 42 Wash. 347, 84 Pac. 648; *Noble v. Whitten,* 38 Wash. 262, 80 Pac. 451; 26 Am. & Eng. Ency. Law (2d ed.), 721 to 726; 9 Cyc. 826; and 7 Am. & Eng. Ency. Law (2d ed.), p. 471.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to overrule the demurrer, and to proceed in accordance with this opinion.

HADLEY, C. J., FULLERTON, RUDKIN, DUNBAR, MOUNT, and CROW, JJ., concur.