[No. 28538. Department Two. October 20, 1941.]

*In the Matter of the Application of* NORMAN J. SANFORD, *for a Writ of Mandate.*[1]

*Norman J. Sanford, pro se,* and *June Fowles* and *L. C. Brodbeck,* for petitioner.

*The Attorney General* and *Shirley R. Marsh, Assistant,* for respondent Board of Prison, Terms, and Paroles.

BEALS, J.—This is an original proceeding filed in this court by way of an application for a writ of mandate, which the petitioner, Norman J. Sanford, asks be addressed to the board of prison, terms, and paroles of the state of Washington and the members thereof,

[1] Reported in 118 P. (2d) 179.

directing the board to forthwith amend its order of May 8, 1940, entered in cause No. 615 of the files of the superior court for Grant county, entitled "State of Washington v. Norman J. Sanford," so as to make the order referred to direct that the minimum sentence of six years, as fixed by the parole board, to be served by the petitioner in the cause above referred to, will be considered as having commenced to run June 1, 1938, the date the judgment, declaring the petitioner guilty and sentencing him, was signed and entered by the superior court. An order to show cause having been issued, the board of prison, terms, and paroles appeared and filed its answer to the petition for the writ of mandate. The petitioner filed a demurrer to the answer of the board, and the questions presented were argued and submitted for determination.

There is no dispute as to the facts upon which the matter at issue is to be decided. Norman J. Sanford, the petitioner herein, was charged with the commission of two different felonies, before the superior court for Grant county, during the first half of the year 1938, in two different proceedings, causes Nos. 613 and 615 of the files of the superior court referred to. The petitioner was convicted in each proceeding, and June 1, 1938, was by the judge then presiding over the superior court for Grant county sentenced to imprisonment in the state penitentiary, in each of the two proceedings, for not more than fifteen years. Pursuant to the judgments of conviction, the petitioner was transferred to the state penitentiary, where he has ever since been confined, pursuant to the sentences imposed in the judgments referred to.

During the month of November, 1938, respondent board fixed a minimum sentence of three years to be served by petitioner in cause No. 613, and a minimum sentence of six years to be served by petitioner in cause

No. 615, the board directing that the sentences be served by petitioner consecutively. May 8, 1940, the board granted petitioner a parole in cause No. 613, effective May 31, 1940, directing that petitioner's minimum sentence of six years in cause No. 615 should be served by petitioner commencing with the date last named, approximately two years after the judgment declaring petitioner guilty and imposing sentence was entered by the superior court.

Petitioner contends that the board exceeded its authority in directing that the sentence pursuant to which petitioner is now confined in the penitentiary commenced to run May 31, 1940, rather than June 1, 1938, the date the judgment was signed and the sentence imposed.

Petitioner contends that the authority of the parole board to fix his term of imprisonment is determined by Laws of 1935, chapter 114, p. 309, § 2 (Rem. Rev. Stat. (Sup.), § 10249-2 [P. C. § 4503-32]), the pertinent portion of which reads as follows:

"When a convicted person appeals from his or her conviction and is at liberty on bond pending the determination of his or her appeal by the supreme court, credit on his or her sentence will begin from the date of the remittitur. In all other cases, credit on a sentence will begin from the date the judgment and sentence is signed by the court."

Petitioner relies upon the last sentence of the portion of the statute quoted.

On the other hand, the board argues that the question is determined by Laws of 1925, Ex. Ses., chapter 109, p. 168, § 2 (Rem. Rev. Stat., § 2285 [P. C. § 8720]), whereby Rem. Comp. Stat., § 2285, was amended to read as follows:

"Whenever a person shall be convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon

the second or other subsequent conviction shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; and whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: Provided, that whenever a person is convicted of two or more offenses set forth as separate counts in one indictment or information the court may, in pronouncing sentence, provide that sentences therefor shall run concurrently."

By Laws of 1935, chapter 114, p. 308 (Rem. Rev. Stat. (Sup.), § 10249-1 [P. C. § 4503-31] *et seq.*) the legislature created the board of prison, terms, and paroles, and provided a new method for fixing the sentences of persons convicted of certain felonies, and for the rehabilitation of such persons, etc. By the act, a number of previous statutes and portions of statutes, specifically referred to by code number, were repealed. Section 2285, however, was not repealed, and still stands, unless this court should hold that the section was repealed by implication, because inconsistent with the portion of § 2 of the act of 1935 above quoted.

Petitioner, of course, argues that the two sections are inconsistent, and that the earlier section was repealed by the act of 1935, while respondent board argues that the two provisions are not inconsistent, and that § 2285 is still in full force and effect. That § 2285 was not directly repealed by the act of 1935, while many sections of the code were so repealed, is at least some indication that the legislature did not deem the earlier provision of law inconsistent with the act of 1935.

In the early case of *Griggs Land Co. v. Smith,* 46 Wash. 185, 89 Pac. 477, this court pronounced the rule that repeals by implication are not favored, which principal has ever since been consistently followed by this court.

In the case of *Paine v. State*, 156 Wash. 31, 286 Pac. 89, we said:

"We do not lose sight of the rule that repeals by implication are not favored, and that the statute will not be held to have repealed a preceding statute by implication when the two can stand together. However, where, as in the case at bar, the two statutes prescribe different and inconsistent rules of action about the same thing, and are in conflict, the later statute prevails."

In the case of *Kruesel v. Collin*, 171 Wash. 200, 17 P. (2d) 854, we said:

"It is a cardinal rule of statutory construction that, where there are two or more statutes dealing with the same subject, they will be construed so as to maintain the integrity of both. Repeal by implication is not effected unless the terms of the later act are irreconcilable with the first."

██ Petitioner argues that, by Laws of 1935, chapter 114, the legislature intended to cover the entire field of legislation in connection with the sentencing of persons convicted of the crimes covered by the act. Study of the legislation convinces us that petitioner's argument is not well founded. While the act is comprehensive in its scope, it does not appear therefrom that the legislature intended the act to be exclusive or complete in itself.

The act does not by its terms cover such a situation as is presented in the case at bar. Petitioner was convicted, in two different proceedings, of two separate and distinct felonies. Necessarily two separate judgments were signed, and two sentences imposed. Section 2285 definitely and directly covers such a situation, which is not infrequently met with in the course of the enforcement of criminal statutes. It is evident that the section last referred to is a reasonable portion of our criminal code, and may well be considered as a necessary part of our criminal code.

Without such a statutory provision, a person convicted of more than one felony may escape deserved punishment, and it is against the general theory of criminal statutes, including our own, that sentences for such offenses shall necessarily run concurrently. If the section has been repealed by implication, it would seem that our criminal code is lacking in an important component portion thereof, and a part which in our criminal law has been filled ever since 1909, when by Laws of 1909, chapter 249, p. 898, § 33, a provision similar to § 2285 was enacted.

The section of the act of 1935 relied upon by petitioner does not purport to provide for the concurrent or consecutive operation of sentences for crime. The act contains no reference to that matter. Neither does the title to the act indicate that the legislature intended to cover the entire field of imprisonment under sentence for crime as to the "certain felonies" described in the act.

The pertinent portion of the title of the act reads as follows:

"An Act relating to the provision for the adequate punishment of persons convicted of certain felonies, their rehabilitation while in confinement and the necessary supervision after their release to prevent recidivism, and defining the duties of the Board of Prison, Terms and Paroles with relation thereto. . . . "

A declared purpose of the act is to provide for adequate punishment of persons convicted of certain crimes, but if it be held that the act by implication repealed § 2285, it would seem that the declared purpose of the act would be defeated, as in cases such as that now before us, adequate punishment of a person convicted of two or more felonies could not be imposed.

It is also true that § 2285 would stand as to persons convicted of crimes lesser in degree than a felony. It would certainly seem illogical that one convicted of

several misdemeanors would be compelled to serve his sentences consecutively, while one convicted of felonies would enjoy the privilege of serving his sentences concurrently.

It is not reasonable to suppose that the legislature intended to differentiate between felonies and misdemeanors. We are convinced that the section of the 1935 act above quoted (Rem. Rev. Stat. (Sup.), § 10249-2), relied on by petitioner, does not avail petitioner herein, and that his situation is governed by § 2285, which section was not repealed by implication by the act of 1935, and still stands in full force and effect.

Writ denied.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.