[No. 128.　Decided December 19, 1890.]

THADDEUS HANFORD, FRANK HANFORD AND ANNIE HANFORD v. GRIFFITH DAVIES.

PROBATE COURTS—JURISDICTION—SALE OF REAL ESTATE.

Under the Code Wash. T., § 1444, the probate court had jurisdiction to grant administration upon a decedent's estate, though the petition therefor showed that there was no personal property in the territory, and no creditors of the estate, and that the decedent's estate was in course of administration in another state; and, where there was no personal property, it was proper to order sale of the real estate to pay the expenses of administration and taxes assessed against the real estate after the death of the decedent, although no other debts were proved.

*Appeal from Superior Court, King County.*

Action by Griffith Davies against the defendants to have a deed from the Territory of Washington to Thaddeus Hanford adjudged not to affect the title of certain premises, and to have a deed from· Thaddeus Hanford to Frank Hanford covering said premises decreed void, and that defendants be enjoined from setting up any claim of title under said deeds. The trial court made the following findings of facts: ·

"1. That on or about the 3d day of August, 1873, in the city and county of San Francisco, California, Lumley Franklin died, leaving a last will and testament. Said will was duly probated in the probate court in the city and county of San Francisco, California. That said Lumley Franklin died seized of the lands described in plaintiff's complaint in paragraph two, to wit: 'Commencing at a stake in the south boundary line of E. Hanford's donation claim one hundred and sixty rods east of the southeast corner of said donation claim, thence east eighty rods, thence north forty rods, thence west eighty rods, thence south forty rods to the place of beginning, containing twenty acres.' That on the 8th day of August, 1887, W. Finley Hall was duly appointed by the probate court of King county, State of Washington (then Territory of Washington), administrator with the will annexed.

"2. That on the 26th day of March, 1888, said probate court of King county duly ordered sale of said lands to pay the expenses of administration and the taxes due upon the estate of said Lumley Franklin. And that at said sale Griffith Davies, the plaintiff herein, became the purchaser thereof for the sum of $2,650, and the said W. Finley Hall, administrator, etc., duly executed and delivered his deed, bearing date the 28th day of May, 1888, to said Griffith Davies for said land, which said deed is duly recorded in the office of the county auditor in and for King county, on the 31st day of May, 1888, in volume 51 of deeds, page 323. And that thereupon the said Griffith Davies entered into peaceable possession of said land, and since then and now is the owner of and in possession of said land.

"3. That on the 14th day of October, 1878, George D. Hill, treasurer of King county, State of Washington (then Territory of Washington), executed and delivered to Thaddeus Hanford, one of the above named defendants, a tax deed *inter alia* the following described real estate: 'In Hanford's claim, twenty acres,' for taxes assessed on said twenty acres for the year 1875, and assessed to 'Lumley Franklin.' The said deed was duly recorded in the office of the auditor of King county on the 25th day of November, 1878, in volume 16 of deeds, page 271. That on the 17th day of December, 1885, said Thaddeus Hanford, by his deed, duly conveyed to Frank Hanford, one of the above named defendants, 'twenty acres in the E. Hanford donation land claim,' described in said deed to said twenty acres by metes and bounds. That said deed was duly recorded in the office of the auditor of King county on the 13th day of March, 1886, in volume 36 of deeds, page 794.

"4. That said tract of land was and is an unbroken body of land, never laid off in lots or blocks, and never improved or cultivated, except as herein found. That said Thaddeus Hanford did a small amount of slashing on said land, and after the sale thereof to Griffith Davies, the plaintiff herein as above found, said Frank Hanford caused a small cabin to be erected thereon, which said cabin was unoccupied. That on the delivery of the deed of W. Finley Hall to Griffith Davies, as above stated, the said Griffith Davies entered upon said land and took possession of said vacant cabin and placed a man therein, and has since then and now has said cabin occupied. And said Griffith Davies also from said time has improved said land."

Judgment was rendered thereon for plaintiff, and defendants appeal to this court.

*Howe & Corson*, for appellants.

*Thomas Burke*, and *Junius Rochester* (*Andrew Woods*, of counsel), for appellee.

The opinion of the court was delivered by

HOYT, J.—Plaintiff, for his cause of action, alleged, among other things, that he was the owner and in possession of a certain described piece of real estate. That de-

fendants had caused to be recorded certain deeds pur-porting to cover the same, and were asserting rights there-under, and thereby injuring plaintiff's title. In the pro-gress of the trial, plaintiff put in evidence a record of certain proceedings had in the probate court of King county, culminating in a sale of the land in question to the plaintiff. These proceedings were attacked by the defendants, and the rulings of the court in regard thereto are relied upon by the appellants as cause for reversal.

The proceedings objected to were commenced in the probate court by the filing of a petition therein by one W. Finley Hall. The facts set up in said petition, so far as it is necessary for our purpose, may be stated as follows: That one Lumley Franklin was dead; that he died seized of the land in question; that he left a will which had been duly admitted to probate in the county of San Francisco, Cali-fornia, and that Philip Roach, public administrator, was then administering the estate of said decedent, under the provisions of said will and the orders of said probate court; that to the knowledge of the petitioner there was no per-sonal property in this territory belonging to said estate, and that to his knowledge there were no creditors. Under this state of facts appellants contend that there was no authority in the probate court of King county to adminis-ter said estate, and that all of its proceedings therein were void for want of jurisdiction.

There has been some discussion as to the nature of our courts of probate. It being contended on the one hand that in matters relating to the sale of lands of deceased persons they have only a special and limited jurisdiction, while on the other it is claimed that in these matters, as in all others relating to the estates of deceased persons, their jurisdic-tion is general, if not exclusive. However this may be is not important in this case, as it affirmatively appears just what facts were shown to the probate court upon which it assumed jurisdiction, and if they were sufficient for that

purpose, that would end the inquiry even in a court of special jurisdiction, and, if they were insufficient, the presumption in favor of a court of general jurisdiction would be negatived. The material question here then, in either case, is as to the sufficiency of the facts alleged in said petition. This must depend upon the relation which the personal representatives of a deceased person hold to the real estate of which he died seized. Have such representatives, during administration, any duty to perform as to such real estate irrespective of the question as to whether or not it is needed to pay debts? This question must be determined largely by the statutes of the state in which the land is situated. In this state the administrator has a right to the immediate possession of all real estate, and may receive the rents and profits of the same until the estate shall be settled or delivered over by order of the probate court to the heirs or devisees, and shall keep in repair all houses, etc. Code 1881, § 1444.

From this provision it seems clear that, whenever an administrator is appointed in this state, it is his duty to take possession not only of the personal property but also of the real estate. It would seem to follow that though the heirs may at once take title to the real estate, yet that title is not perfect, as it is subject to the right of the administrator to take possession thereof and retain the same until the probate court shall have judicially determined who the heirs or devisees are, and made its order thereon. How, then, can the heir's title be made perfect and his right to the title and possession of the real estate be assured? We know of no other way than by administration, and the judgment of the probate court of the jurisdiction in which the real estate is situated. And as it is the policy of the law that titles to real estate should be certain and assured, every jurisdiction in which the deceased left real estate must have the right to have administration thereof, that it may be judicially determined who the heirs or devisees are,

and that there are no debts which can affect the title or possession which shall be awarded them.   It follows that administration is proper outside of the domicile of the deceased, even although the application therefor shows that there are no debts to the knowledge of the applicant, as his want of knowledge cannot take the place of a judicial determination.

And further, that the facts set forth in the petition are sufficient to give the court jurisdiction irrespective of administration elsewhere; *a fortiori* would they be sufficient to authorize administration auxiliary to that conceded to be regular, then in progress and unsettled in another state.

If the administration was proper there must be some way to pay the expenses thereof, and where there is no personal property the real estate must be sold even although no debts are proven.   In this case the petition for the order of sale shows that certain taxes assessed against the real estate in question were due and unpaid, and although it may have appeared that these taxes accrued after the death of the testator, yet under our statute they were charges against the estate, and among the claims which the administrator must provide for.   He is entitled to the possession of the real estate and to the rents and profits derived therefrom, and it would not do to say that he has nothing to do with the taxes accruing during administration.

The proceedings in other regards are conceded to be regular and the record was properly admitted in evidence. This disposes of the case and makes it unnecessary for us to determine the other question involved therein.

The case of the *Territory v. Klee, ante,* p. 183, decided by this court at its last session, has been cited by appellants, and it is urged that the language used by the Chief Justice in that case is applicable to this. We cannot agree with this contention.   In that case administration of the estate was in progress in King county, and that which was

31—1 WASH.

sought to be sustained had been commenced in Pierce county, pending such administration. Under these circumstances, and under the provisions of chapter 98 of the code, the court might well say that the administration in Pierce county was "unnecessary, if not illegal."

The judgment and decree must be affirmed, and it is so ordered.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.