[No. 5824. Decided March 17, 1906.]

M. F. Gibson, *as Administrator of the Estate of Laura Slater, Deceased, Respondent,* v. Frank Slater *et al., Appellants.*[1]

Executors and Administrators—Possession of Real Estate—Statutes—Implied Repeal. Bal. Code, § 4640, providing that the title to real estate of which an intestate dies seized shall vest immediately in the heirs at law, whose right to possession shall be valid as against all persons except only an executor or administrator when appointed, is not inconsistent with and does not impliedly repeal the earlier law, Bal. Code, §§ 6200, 6296 and 6297, giving an administrator the right to the possession of the real estate.

Same—Rights of Administrator—Action Against Heir. An administrator of the estate of a married woman, appointed within six years after her death, in the interest of heirs at law, may recover possession of the real estate seized by the husband and held adversely to the other heirs, even if the deceased left no debts.

Appeal from a judgment of the superior court for Lincoln county, Poindexter, J., entered March 30, 1905, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in consolidated actions to recover possession of real property and quiet title. Affirmed.

*H. A. P. Myers, C. S. Voorhees,* and *Reese H. Voorhees,* for appellants.

*A. C. Routhe* and *Martin & Grant,* for respondent.

Crow, J.—On February 4, 1903, respondent M. F. Gibson, as administrator of the estate of Laura Slater, deceased, commenced action No. 3269 in the superior court of Lincoln county, against appellants, Frank Slater and Mrs. Frank Slater, his wife, to recover possession of certain real estate, being the action in which this appeal is prosecuted. In his second amended complaint, he alleged that appellants are husband and wife; that on or about January 1, 1899, one Laura

[1] Reported in 84 Pac. 648.

Slater died, intestate, leaving certain minor heirs, and also leaving as her separate estate 240 acres of land in Lincoln county, Washington; that after her death appellant Frank Slater immediately and wrongfully seized possession of said real estate, and with his wife, Mrs. Frank Slater, has ever since retained the same; that the rental value of said land has been $1,000 per year since January 1, 1899; that on October 21, 1902, respondent M. F. Gibson was duly appointed and qualified as administrator of the estate of said Laura Slater, deceased; and that on November 15, 1902, he demanded possession of said real estate, which appellants refused, claiming to own the same.

Appellants demurred to the second amended complaint, for (1) defect of parties plaintiff, (2) defect of parties defendant, and (3) want of facts sufficient to constitute a cause of action. This demurrer being overruled, appellants answered, making certain denials, and affirmatively alleging, that prior to June 15, 1899, appellant Frank Slater, and said Laura Slater, now deceased, were husband and wife, residing in the state of Oregon, where Frank Slater owned certain real estate, which under the laws of Oregon was his individual and separate property, and to which the said Laura Slater, then his wife, had no claim; that on said June 5, 1899, appellant Frank Slater with his then wife, Laura Slater, moved to Lincoln county, Washington, where they resided until January, 1900, when said Laura Slater died, intestate, leaving surviving her as her heirs at law Edward Broadley, William Broadley, George Broadley, Frank Broadley, Susie Fawcett, Sadie Fawcett, Allen Fawcett, and Zebbie Fawcett, issue of said Laura Slater by former husbands; that on or about June 15, 1899, said Frank Slater exchanged his Oregon real estate for 160 acres of the real estate in the second amended complaint described, which then became his separate property; that on or about June 15, 1899, one Frank Broadley and his wife deeded to appellant Frank Slater the remaining 80 acres of the real estate described in the second amended complaint, which then

became the community property of said Frank Slater and his
then wife, Laura Slater; that since the death of said Laura
Slater, and prior to the appointment of any administrator,
appellant Frank Slater had paid all debts of her estate, and
that no debts were outstanding at the time of the appointment
of respondent, M. F. Gibson, as administrator. Appellant
Frank Slater intermarried with his present wife and co-
appellant since the decease of said Laura Slater.

During the trial appellants were permitted to amend their
answer by alleging that said Frank Slater, since the death
of said Laura Slater, had made permanent improvements on
said land of the value of $4,000. On May 9, 1904, Zebulon
Fawcett and Sarah Fawcett, minors, by their guardian *ad
litem,* and Susan Fawcett, three of the heirs at law of said
Laura Slater, deceased, having first obtained leave of court,
filed a complaint in intervention in said cause No. 3269. It
is not necessary to state the allegations made therein, but in
their prayer they asked that the entire 240 acres described in
the second amended complaint be given into the immediate
possession of respondent as administrator of the estate of
Laura Slater, deceased. There is no showing that Frank
Slater ever applied for letters of administration on the estate
of his deceased wife in said 80 acres which he admits to have
been community property, but on July 20, 1903, he insti-
tuted in the superior court of Lincoln county action No. 3405
wherein he was plaintiff, and Edward Broadley, William
Broadley, George Broadley, Frank Broadley, Susie Fawcett,
Sadie Fawcett, Allen Fawcett, and Zebbie Fawcett, the issue
and heirs at law of Laura Slater, deceased, and M. F. Gibson,
as administrator of the estate of Laura Slater, deceased, were
defendants, to quiet his title to the 160 acres of said land,
which in his answer in cause No. 3269 he had claimed to be
his separate estate. In his complaint he made substantially the
same allegations as those contained in his answer in cause No.
3269. On January 5, 1905, an order was made consolidating
said causes No. 3269 and No. 3405, so that the same might

thereafter be held together and tried as one action. After this consolidation respondent, M. F. Gibson, as administrator, filed one pleading to serve as a reply to appellant's answer in cause No. 3269, and as an answer to his complaint in cause No. 3405. On February 23, 1905, the consolidated actions were tried before a jury, and the following verdict was returned:

"We, the jury duly empaneled to try the issues in the above entitled cause do find for the plaintiff as administrator of the estate of Laura Slater, deceased, that he is entitled to the possession of the following described real estate, to wit: The Northeast ¼ of Section 31, and West ½ of the Northwest ¼ of Section 32, Township 24, Range 39, E. W. M., Lincoln county, Washington, described in plaintiff's complaint. We do further find that said plaintiff, as such administrator representing the estate of Laura Slater, deceased, in his representative capacity and the heirs of the said Laura Slater, are the owners and hold the title to said property in fee simple and we assess their damage for the detention of said property in the sum of $3,600 dollars, being the rents and profits thereof."

Afterwards appellants, Frank Slater and Mrs. Frank Slater, interposed a motion for judgment in their favor *non obstante veredicto*. This motion was sustained as to the damages found, which were offset by order of the court against the value of the permanent improvements made by appellants Slater and wife. Thereupon judgment was entered upon the verdict in favor of respondent, M. F. Gibson, as administrator, for the immediate possession of all of said real estate. From said judgment, Frank Slater and Mrs. Frank Slater, his wife, have appealed to this court.

Respondent has moved to strike appellants' brief and dismiss this appeal, but as his motions are without merit they will be denied.

Appellants have not caused any statement of facts to be proposed, served or filed. Their assignments of error are all based upon the one contention that the trial court erred in

overruling their demurrer to the second amended complaint. Relying on Bal. Code, § 4640, they contend that respondent, M. F. Gibson, as administrator, has no right to the possession of said real estate, no outstanding unpaid debts of the estate being alleged in the second amended complaint. It is not urged that respondent was improperly or illegally appointed as administrator. In fact, the regularity or necessity of his appointment could not be questioned or attacked in this collateral proceeding. Appellants, in their opening brief, say:

"Under existing legislation the absence, from the second amended complaint, of any allegation of a necessity for the possession of the lands in controversy, by the administrator, for the payment of 'debts, family allowance, expenses of administration' or 'other charges for which such real estate is liable under existing laws,' is manifestly fatal to the integrity of the cause of action attempted to be asserted therein. Such allegation was absolutely essential, under the rule at common law, to the right of an administrator to the possession of the decedent's real estate, and the act of 1895 (section 4640, Ballinger), has clearly restored the common law *status,* in that behalf, in this state."

In other words, appellants simply contend that said section 4640, which was enacted in 1895, was intended by the legislature to so qualify the scope and effect of Bal. Code, §§ 6200, 6296, and 6297, as to leave the right of an administrator to the possession of real estate as it existed at common law; that he could in no event reduce the same to his possession, except for the purpose of the payment of the debts of the decedent and expenses of administration; and therefore cannot maintain this action. We think this contention cannot be sustained. Section 4640, Bal. Code, is section 1 of chapter 105, Laws 1895, p. 197, which chapter contains no section or clause purporting to repeal any previous act of the legislature. If, then, it has effected any repeal or modification of the sections to which appellants refer, such repeal or modification must necessarily be by implication.

"If two statutes on the same subject are mutually repug-
nant, the later act without any repealing clause operates, in
the absence of expressed intent to the contrary, as a repeal
of the earlier one, on the obvious principle that the enactment
of provisions inconsistent with those previously existing mani-
fests a clear intent to abolish the old law. In order that an
implied repeal may result from the principles now under
consideration the repugnancy appearing in the two statutes
must be wholly irreconcilable, and it must also be clear and
convincing, and following necessarily from the language
used. Hence every effort must be used to make all acts stand,
and the later act will not operate as a repeal of the earlier
one, if by any reasonable construction they can be reconciled."
26 Am. & Eng. Ency. Law (2d ed.), pp. 723-726.

If there is any apparent inconsistency or repugnancy be-
tween section 4640, as a part of the Law of 1895, and the
earlier sections 6200, 6296, and 6297, it is our duty to
reconcile all of said sections and permit them to stand, if we
can do so by any reasonable construction. We do not think
they are necessarily inconsistent. Section 4640, after pro-
viding that the title to lands of which an intestate dies seized
shall immediately vest in his heirs at law, further provides
that,

"The title and right to possession of such lands, tenements,
or hereditaments so vested in such heirs or devisees, together
with the rents, issues and profits thereof, shall be good and
valid against all persons claiming adversely to the claims of
any such heirs, or devisees, *excepting only the executor or
administrator when appointed,* and persons lawfully claiming
under such executor or administrator; and any one or more
of such heirs or devisees, or their grantees, jointly or sev-
erally, may sue for and recover their respective shares or
interests in any such lands, tenements, or hereditaments and
the rents, issues and profits thereof, whether letters testa-
mentary or of administration be granted or not, from any
person *except the executor or administrator* and those lawfully
claiming under such executor or administrator."

This language clearly implies that the right of possession
in the heirs at law shall be subject to the right of an admin-

istrator when appointed, and this is especially true if letters of administration be granted within six years from the date of death of the decedent, before debts are barred as claims against real estate. Bal. Code, § 4642. Section 6200 gives to the administrator the immediate right of possession to all real estate of which the intestate dies seized. Section 6296 makes it his duty to take possession, while § 6297 gives him authority to maintain actions for its recovery. No question is raised as to whether respondent, M. F. Gibson, as administrator, can maintain an action for possession against the heirs at law, there being no debts nor any dispute as to title, but the question is raised whether he can, as such administrator, on behalf of the estate and all of the heirs at law, maintain such an action against one, whether one of the heirs or not, who has wrongfully seized the real estate and retained possession under an adverse claim of title, thus depriving both the administrator and the heirs at law from the enjoyment of their rights. We think the administrator can maintain such an action. Appellants call attention to the fact that under Bal. Code, § 6257, an administrator has no right to sell the real estate of the decedent except to pay debts and expenses of administration. While this is true, said section in no way deprives him of his right to possession under the provisions of §§ 6200, 6296, and 6297, which right is recognized in the later act of 1895 by § 4640. We think the points raised by appellants have been substantially decided against their contention in the recent case of *Noble v. Whitten*, 38 Wash. 262, 80 Pac. 451, in which it was contended that an administrator was not entitled to any commission on the appraised value of the real estate of his intestate, as the title vested immediately in the heirs and he was not entitled to possession. After quoting from §§ 4640, 6200, 6201, 6296, and 6309, we said:

"Section 6314 provides that the administrator 'shall be allowed commission on the whole estate accounted for by him.' Under these provisions of the statute, it is too plain for argu-

ment that the administrator is entitled to the possession of the real estate, and is entitled to commissions on the whole estate, both personal and real. It was not error, therefore, for the court to allow such commissions."

In our opinion there is no inconsistency between § 4640 and the earlier provisions of our probate act. In the recent case of *Murphy v. Murphy, ante* p. 142, 84 Pac. 646, we held, under the law of 1895, Bal. Code, § 4640, *et seq.,* an attempted administration, for which application was made eleven years after the death of a testator, to have been unnecessary, and sustained the trial court in discontinuing the same, on the theory that the real estate had descended to the legatees without the necessity of any administration. This case can be distinguished from that one in several particulars: (1) No direct attack is made here on the necessity of administration by any of the heirs at law; (2) a period of six years not having elapsed between the date of the death of the intestate and the appointment of the administrator herein, any possible debts of the decedent have not been barred. In the *Murphy* case we said:

"We are of opinion that, under the facts shown, no real necessity existed for any administration in this state, eleven years having elapsed since the testator's decease, and his estate in Iowa having been fully settled there by a court of competent jurisdiction. Had any good and sufficient reason existed at any time for administration in Washington, the interested party desiring the same should have applied for the appointment of an administrator within at least six years after the death of said J. H. Murphy."

It will thus be seen that our holding in the *Murphy* case was based not only upon the provisions of § 4640, but also of § 4642. Here the appellant Frank Slater failed to procure letters of administration on the estate of his deceased wife, but instead seized upon and claimed title to all of the real estate, adversely to her heirs at law, issue by former marriages; and respondent, a little more than three years

after her death, within the six years mentioned in Bal. Code, § 4642, was appointed administrator, apparently for the express purpose of protecting the interests of said heirs, a number of whom are minors. It is true appellant contends there were no outstanding debts, and has alleged he paid all that ever existed, but that makes no difference, as the heirs at law are here entitled to have the administrator recover and distribute the real estate free from the possibility of any such liens.

In the views we have here expressed, we bear in mind the former cases of *Anrud v. Scandinavian-American Bank,* 27 Wash. 16, 67 Pac. 364, and *Griffin v. Warburton,* 23 Wash. 231, 62 Pac. 765, cited by appellants, but we do not think they tend to show that it would be an unauthorized proceeding for an administrator to institute an action to recover possession of real estate of his intestate which has been wrongfully seized and held by a party who claims adverse title to the same. Such an action would ultimately inure to the benefit of all the heirs at law, and would be a proper proceeding. We think the trial court committed no error in overruling appellants' demurrer. The second amended complaint being sufficient, it sustains the final judgment entered on the verdict of the jury, which verdict, in the absence of any statement of facts, cannot be questioned on this appeal.

The judgment is affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.