[No. 7951. Department One. February 24, 1910.]

JAMES DUVALL, *Administrator etc. et al., Appellants,* v.
HEALY LUMBER COMPANY, *Respondent.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—DESCENT—RIGHTS OF SURVIVOR—CONVEYANCE BY. Upon the death of the wife, leaving children, a deed by the surviving husband purporting to convey the entire community property, which descended one-half to him and one-half to the children, is not void, but is effectual to convey his one undivided one-half interest, which on the wife's death became his separate property.

EXECUTORS AND ADMINISTRATORS—NECESSITY FOR ADMINISTRATION —LIMITATIONS—DESCENT AND DISTRIBUTION. Under Rem. & Bal. Code, § 1366, providing that the fee title to lands shall vest in the heirs or devisees immediately upon the death of the ancestor, subject to debts, and § 1368, providing that no real estate shall be liable for the ancestor's debts unless letters be granted within six years after his death, administration upon community real estate is not necessary thirteen years after the death of the wife.

SAME—ACTIONS BY ADMINISTRATOR—RECOVERY OF LAND—UNNECESSARY ADMINISTRATION. An administrator of community real estate, appointed without any necessity for administration, after the expiration of the six years within which letters must be granted in

[1]Reported in 107 Pac. 357; 109 Pac. 305.

order to charge the land with the debts of the deceased, cannot maintain an action to recover the land, title to which had, by Rem. & Bal. Code, § 1366, vested in the heirs (RUDKIN, C. J., dissenting).

Appeal from a judgment of the superior court for King county, Morris, J., entered October 19, 1908, upon findings in favor of the defendant, in an action to recover real estate, after a trial on the merits before the court without a jury. Affirmed.

*Vince H. Faben* and *S. H. Kelleran,* for appellants, contended, *inter alia,* that the regularity and necessity for the appointment of an administrator could not be questioned in a collateral proceeding. *Scott v. McNeal,* 5 Wash. 309, 31 Pac. 873, 34 Am. St. 863; *Gibson v. Slater,* 42 Wash. 347, 84 Pac. 648; *McKenna v. Cosgrove,* 41 Wash. 332, 83 Pac. 240. The lapse of six years does not defeat the right to administration. *Morgan v. Casey, Adm'r,* 73 Ala. 222. Claims may be filed and suit brought, although the statute releases the real property from the payment of debts. *Gleason v. Hawkins,* 32 Wash. 464, 73 Pac. 533; *Frew v. Clark,* 34 Wash. 561, 76 Pac. 85; *Fuhrman v. Power,* 43 Wash. 533, 86 Pac. 940; *Griffin v. Warburton,* 23 Wash. 231, 62 Pac. 765. Absence of debts does not deprive the administrator of his right to the possession of the real property. *Gibson v. Slater,* 42 Wash. 347, 84 Pac. 648. Administration is necessary for the purpose of distribution. *Morgan v. Casey, supra; Pendley v. Madison's Adm'r,* 83 Ala. 484, 3 South. 618.

*Brownell & Coleman,* for respondent.

FULLERTON, J.—On December 2, 1886, James Duvall purchased 160 acres of land, lying in King county, Washington. At that time Duvall was a married man, living with his wife, and the real property so purchased became the community property of himself and wife. To Duvall and wife were born four children: George W., born December 3, 1878; James C.,

born March 26, 1883; Lena, born September 18, 1885; and Olive, born June 6, 1889. On January 9, 1890, Annie Duvall, the wife, died intestate. Thereafter and on December 15, 1892, James Duvall, representing himself to be a single man and the sole owner of the property above described, sold and conveyed the same by warranty deed to Henry Hewitt, Jr., for the consideration of $1,500. Hewitt thereafter conveyed the property to The Everett Timber & Investment Company, which in turn conveyed it to the present respondent on January 20, 1901. Hewitt took possession of the property shortly after his purchase of the same, and he and his successor in interest have been in possession ever since, during which time they have paid all taxes and· assessments levied thereon.

In the month of November, 1903, nearly thirteen years after the death of his wife, James Duvall procured himself to be appointed administrator of her estate, and in March, 1904, began this action against the respondent to recover the land described, averring that his deed thereto to Henry Hewitt, Jr., was void and of no effect. In the title to his complaint he purports to sue as administrator of his wife's estate and as guardian *ad litem* of his children, but at the trial he offered no evidence tending to show that he had been appointed either their permanent guardian or guardian *ad litem*, and he must recover in this action, if he recovers at all, in his capacity as administrator solely. Two of the children, at the time of the commencement of the action, were minors, but they had reached the age of majority at the time of the trial. None of them intervened or offered to intervene in the action. The court held that the respondent was not entitled to recover, and dismissed the action. From the judgment of dismissal the administrator has appealed.

The appellant, both in his complaint and in his brief, seems to contend that his deed executed after his wife's death passed no title whatever in this land to the grantee named therein, but manifestly this is not maintainable. The property, being

the community property of the appellant and his wife, passed on her death, in the absence of testamentary disposition, one-half to the appellant and one-half to the legitimate issue of her body. The appellant's interest then became his separate property, subject to his sole disposition, and his deed of the property passed to the grantee named therein such interest. The fact that he attempted to convey a greater interest than he had did not avoid the conveyance as to the part owned by him. The deed passed his interest, however ineffective it may have been to pass interests which he did not possess. There is nothing in the case of *Mabie v. Whittaker*, 10 Wash. 656, 39 Pac. 172, cited by the appellants, that supports a contrary doctrine. In that case it was held that community property, acquired at a time when the law empowered the husband to convey property so acquired, could not be conveyed by him after his wife's death under a statute providing that community property should pass on the death of one spouse one-half to the surviving spouse and one-half to the legitimate issue of her body. It was not questioned, however, that the husband could convey his interest therein; on the contrary, it was inferentially stated that he could. See opinion, p. 664. The appellant's grantee, therefore, acquired by the appellant's deed an undivided one-half interest in the property and became thereby a tenant in common in the property with the children of appellant. The grantee's interest was taken, of course, subject to community debts, and subject to the right of administration, had letters of administration been seasonably applied for, but subject to these rights he took the fee and could and did convey the interests acquired by him to the respondent. It follows, therefrom, that the respondent has such an interest in the property as will enable it to contest the right of the appellant to administer upon it.

The question for consideration is then, does there exist a necessity for the administration of this estate. The statute,

29—57 WASH.

Rem. & Bal. Code, § 1366, provides that when a person dies seized of lands, tenements or hereditaments, or any right thereto or entitled to any interest therein in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration, and any other charges for which such real estate is liable under existing laws, and that no administration of the estate of the deceased, and no decree of distribution or order of any court shall be necessary in any case to vest such title; and by § 1368, it is provided that no real estate of a deceased person shall be liable for his debts unless letters testamentary or of administration be granted within six years from the date of the death of such deceased person.

Under these statutes it is plain that there is no necessity for an administration of this property. There are no debts to which it can be subjected, and the title is fully vested in those who are rightfully entitled thereto. If it should be delivered over to the administrator he could do nothing more than deliver it back to those rightfully entitled to it burdened with the costs of administration caused solely by his interference. If there is any controversy by the heirs of the appellant's deceased wife and the respondent over the title or right of possession of the property, that controversy can better be settled by an action directly between the parties than it can in a proceeding brought to administer upon an estate. Where a contest over the ownership of property arises when an attempt is made to distribute property administered upon, which has been properly subjected to an administration, it is proper, of course, to determine the controversy in the administration proceedings, but such a controversy cannot, of itself, give rise to the necessity of an administration. These principles we think are sustained by the cases of *Griffin v. Warburton*, 23 Wash. 231, 62 Pac. 765; *Anrud v. Scandinavian-American Bank*, 27 Wash. 16, 67 Pac. 364, and *Murphy v. Murphy*, 42 Wash. 142, 84 Pac. 646.

The respondent, however, relies on the case of *Gibson v.*

*Slater*, 42 Wash. 347, 84 Pac. 648, but it will be noticed that the writer of the opinion in that case carefully distinguished it from the cases above cited, pointing out particularly that a period of six years had not elapsed between the date of the death of the intestate and the appointment of the administrator, and that possible debts of the deceased had not been barred. Speaking with reference to the case of *Murphy v. Murphy, supra,* it was said:

"In the *Murphy* case we said: 'We are of opinion that, under the facts shown, no real necessity existed for any administration in this state, eleven years having elapsed since the testator's decease, and his estate in Iowa having been fully settled there by a court of competent jurisdiction. Had any good and sufficient reason existed at any time for administration in Washington, the interested party desiring the same should have applied for the appointment of an administrator within at least six years after the death of said J. H. Murphy.'

"It will thus be seen that our holding in the *Murphy* case was based not only upon the provisions of § 4640, but also of § 4642. Here the appellant Frank Slater failed to procure letters of administration on the estate of his deceased wife, but instead seized upon and claimed title to all of the real estate, adversely to her heirs at law, issue by former marriages; and respondent, a little more than three years after her death, within the six years mentioned in Bal. Code, § 4642, was appointed administrator, apparently for the express purpose of protecting the interests of said heirs, a number of whom are minors. It is true appellant contends there were no outstanding debts, and has alleged he paid all that ever existed, but that makes no difference, as the heirs at law are here entitled to have the administrator recover and distribute the real estate free from the possibility of any such liens."

We conclude, therefore, that there was no necessity for administering upon the estate of the appellants' intestate, and the judgment will stand affirmed.

CHADWICK and GOSE, JJ., concur.

RUDKIN, C. J. (dissenting)—This is a collateral attack on letters of administration issued by a court of competent jurisdiction, and the conclusion of the majority can only be sustained upon the ground that letters of administration granted more than six years after the death of the intestate are null and void. In that conclusion I cannot concur.

MORRIS, J., took no part.

## ON REHEARING.

### [*En Banc.* June 25, 1910.]

PER CURIAM.—A hearing *en banc* was granted in this cause and the same has been argued by the appellant before the full court. While a majority of the court have voted to adhere to the department decision, it has deemed it best to notice again the contention of the appellant to the effect that the department erred in holding that the appellant sued originally as administrator, solely, and not as guardian *ad litem* of his then minor children. Since the argument, we have again consulted the record on this point and are unable to find that any proper steps were taken to make these children parties while they remained minors, or that they have interpleaded or otherwise appeared in the action since they reached the age of majority. We emphasize this point so that the judgment appealed from may not be treated as a bar to any action these children in their individual capacities may deem fit to bring against the respondent.

The judgment will stand affirmed.