42

[No. 25596. *En Banc.* October 5, 1935.]

*In the Matter of the Estate of* Nancy Railsback, *Deceased.*

The State of Washington, *Appellant,* v. Puget Sound National Bank of Tacoma, *as Administrator, Respondent.*[1]

*William H. Pemberton* and *Lyle K. Summers,* for appellant.

*Henderson, Carnahan & Thompson,* for respondent.

Geraghty, J.—Nancy Railsback died intestate in the city of Tacoma, November 12, 1921. At the time of

[1]Reported in 50 P. (2d) 934.

her death, she had $1,008 on deposit in the Puget Sound National Bank of Tacoma. This deposit, increased somewhat by interest, is still unclaimed in the bank.

The bank having applied to the superior court of Pierce county for letters of administration upon the estate of Nancy Railsback, the state of Washington, by the supervisor of the inheritance tax and escheat division, entered an appearance in the proceeding and asked that the petition for administration be dismissed and an order entered escheating to the state the money held by the bank to the credit of the decedent. After a hearing upon the petition, the court directed that letters of administration issue to the bank, as petitioned for. The state appeals.

The appellant asks a reversal of the order of the trial court upon two grounds: (1) that administration was unnecessary, and (2) that the application of the respondent bank was barred by the statute of limitations.

In support of the first contention, appellant argues that the fund in bank is now the property of the state under the provisions of the statute covering escheats. We quote the pertinent statutory provisions:

"Whenever any person possessed of any property within this state shall die intestate leaving no heirs, such property shall escheat to, and the title thereto immediately vest in the state of Washington, subject, however, to existing liens thereon, the payments of decedent's debts, and the expenses of administration." Rem. Rev. Stat., § 1356 [P. C. § 9877].

"Such estates shall be administered and settled in the same manner as other estates. If at the expiration of eighteen months after the issuance of letters of administration no heirs shall have appeared and established their claim thereto, the court having jurisdiction of such estate shall render a decree escheating all the property and effects of such decedent to the

state of Washington.'' Rem. Rev. Stat., § 1357 [P. C. § 9878].

''The state board of tax commissioners shall have supervision of all matters relating to escheats. Whenever the said board shall have information that any person possessed of property within this state has died intestate and without known heirs, said board, or any member thereof, may apply to the court for the appointment of an administrator, or take such other steps as it may deem proper. No sale of any property of such estate, except perishable goods or settlement of any final account, shall be made or be valid until after fifteen days' notice thereof in writing shall have been first served upon the said board of tax commissioners. . . .'' Rem. Rev. Stat., § 1359 [P. C. § 9880].

██ We have held that the rights of creditors to the assets of a deceased person is the principal reason for requiring official administration; and courts, therefore, sanction the disposition of the property of a decedent without the appointment of an administrator where it is certain that no debts are owing. *Murphy v. Murphy*, 42 Wash. 142, 84 Pac. 646. The appellant contends that, under this rule, since there are no debts, no necessity for administration exists. Conceding, for the purpose of argument, that there may be no outstanding debts, this does not dispense with the necessity for the intervention of the court in some manner to determine whether or not, as a fact, the fund involved has escheated to the state by default of heirs. It is obvious that the state cannot, without some warrant of authority, seize the property of a decedent on the claim that it has escheated.

''In the absence of statute to the contrary the courts of law, it seems, have jurisdiction of an inquisition, or other proceeding to establish or perfect an escheat. At common law an inquest of office is found by a jury and is then returned to a court of record, where the finding may be contested. . . . In many states the

method of enforcing an escheat and the court in which the action shall be brought are prescribed by statute, and it is obvious that the statutory requirements must be complied with in all respects to confer jurisdiction." 10 R. C. L. 611.

The method for enforcing an escheat in this state is prescribed in the statutory provisions quoted above. Section 1356 [P. C. § 9877], establishes the right of the state in default of heirs. Section 1357 [P. C. § 9878], in clear and explicit language, provides for the administration of escheated estates in the same manner as other estates, and

"If at the expiration of eighteen months after the issuance of letters of administration no heirs shall have appeared . . . this court . . . shall render a decree escheating all the property and effects of such decedent to the state of Washington."

Further proof that the statute contemplates administration is found in § 1359 [P. C. § 9880], authorizing the tax commission or any member thereof to apply to the court for the appointment of an administrator. The alternative provision, "or take such other steps as it may deem proper," cannot be read to mean that the commission may dispense with administration and seize the property, but rather that it may take any necessary steps to obtain possession of property decreed to have escheated to the state.

In the recent case of *In re Graley's Estate,* 183 Wash. 268, 48 P. (2d) 634, it is said:

"Rem. Rev. Stat., § 1356 [P. C. § 9877] *supra,* provides that, upon the death of a property owner leaving no heirs, 'such property shall escheat to, and the title thereto immediately vest in the state of Washington.' The following section gives the heirs of a decedent eighteen months after the issuance of letters of administration to appear and establish their claim. It provides that, if no heirs appear, or claims made are not established, the decree of escheat shall be rendered.

As stated by the court of appeals of New York, *In re Melrose Avenue, supra* [234 N. Y. 48, 136 N. E. 235, 23 A. L. R. 1233], it was formerly the general rule that the decree of escheat vested title in the state, and, until there had been an adjudication following an inquest of office, title did not so vest."

Continuing in that case, it is said:

"Up to the last moment of the statutory period, an heir of the deceased may appear and maintain his right to the estate. The inchoate ultimate right of the state always exists, but the instances in which it may be asserted are of infrequent occurrence."

In *In re Smith's Estate,* 179 Wash. 287, 37 P. (2d) 588, it was held that, even after the expiration of the eighteen months' period, the estate being yet open, an heir may maintain his claim as against the state, the court saying:

"There are two reasons why the eighteen months' provision in our statute should not be literally construed and applied against those claiming to be heirs, under the record in the present case. First, while it is the expressed policy of the statute that property shall escheat where there is no will and no heir, we have declared, in construing the statutes, that *'it is not the policy of the state to absorb private property if the legal heirs of a decedent are discovered.' In re Sullivan's Estate,* 48 Wash. 631, 94 Pac. 483, 95 Pac. 71; *In re Miller's Estate,* 87 Wash. 64, 151 Pac. 105. Second, it is to be observed that there is some apparent conflict in the terms of this statute compared with other applicable statutes. In § 1357 of the code, hereinbefore set out in full, immediately preceding the clause with respect to the time limit of eighteen months, in a complete sentence, it is declared: *'Such estates shall be administered and settled in the same manner as other estates.'* "

In support of its contention that the respondent's petition for letters of administration was barred by the statute of limitations, the appellant cites *Gwinn v.*

*Melvin,* 9 Idaho 202, 72 Pac. 961, 108 Am. St. 119, where it was held that a petition for the appointment of an administrator was an *action* within the meaning of that word as used in the statute of limitations, and if not filed within the time limited for actions generally, was barred by the statute. This case, as well as the numerous cases from other jurisdictions cited by appellant, can have no application here, since the statute specifically enjoins the procedure to be followed.

The judgment is affirmed.

ALL CONCUR.