[Nos. 26297, 26298. Department Two. December 11, 1936.]

*In the Matter of the Estate of* WILLIAM H. LAACK,
*Deceased.*[1]

¹Reported in 62 P. (2d) 1087.

*John G. Barnes,* for appellant.

*Roberts & Skeel, W. E. Evenson,* and *Allen & Wilkins,* for respondent.

HOLCOMB, J.—Two appeals are now before us involving the same transaction in the lower court in the matter of the above estate. The earlier history of the controversy over this estate can be found in *Laack v. Hawkins,* 155 Wash. 308, 284 Pac. 89, decided January 21, 1930.

Respondent Julia Ostby, by mesne conveyances from the former trustee of the last will of the testator, has become the owner of the property referred to as the Holgate hotel, in Seattle.

On the former appeal, this court found that the lower court had considered and approved the sale of that real estate, although it was in some respects irregular; that the court had made its order of final settlement of the estate and discharged the executors; that appellants had not appealed from that order, and therefore the decree was *res judicata.*

At all times during the pendency of the probate proceedings in this estate and in the former litigation, Mr. Barnes has been counsel for the heirs. While the former appeal was pending, he caused an application to be made to the superior court in the estate for letters of administration *de bonis non cum testamento*

*annexo* on behalf of Mary Wilhelmina Laack (Oliver), on the theory that the Holgate hotel property had not been properly sold and was still an asset of the estate requiring further administration.

Objections were filed on behalf of the executors and trustees before the court, and a hearing had in October, 1929, before one of the judges of the lower court. The petition for letters of administration d. b. n. c. t. a. on the Laack estate was denied on the ground that the validity of the Holgate hotel property sale had been previously tried and finally adjudicated, and no further administration thereon was necessary. No appeal was taken from that order denying such letters to appellant, and it became final.

Thereafter, appearing before another judge of the same court, appellant Mary Wilhelmina Laack (now Oliver) procured an order appointing her administratrix d. b. n. c. t. a. from a new judge.

Respondent found it necessary to defend her title and, believing that the appointment of appellant as administratrix was improvident and invalid, filed her petition that the appointment be revoked because of fraud on the part of appellant in concealing the fact that, upon the same identical matters alleged in her petition, a different judge of the court had found untrue, five years previously, and denied her petition.

Respondent's petition incorporated by reference all the prior pertinent records of the estate, of which the lower court and this court take judicial notice. *In re Parke's Estate,* 101 Wash. 659, 172 Pac. 908.

Although all of those documents are not before us, they were before the trial court and are now conclusively presumed to support the order of the trial judge vacating and annulling the appointment of appellant administratrix d. b. n. c. t. a.

The contentions urged to reverse the judgment are, first, that the court is without jurisdiction of appellant, in that the proper procedure and statutory steps were not complied with to bring respondent's petition on for hearing before the probate department of the superior court; and, second, that the court was unwarranted in revoking, annulling, and setting aside the order appointing her administratrix d. b. n. c. t. a.

The record undoubtedly shows that appellant procured the order appointing her as administratrix d. b. n. c. t. a. without notice, since it shows that the order so appointing her was made by a new and different judge who was not theretofore familiar with the record, and it recited that notice to creditors had been published by the executors on January 23, 1923, so that no further notice was necessary. It thus is plain that no one interested in the estate adversely to appellant had any knowledge of her appointment until she commenced an action in ejectment against respondent to quiet title and for six years' rents.

The three days notice given to appellant was not unreasonable under Rem. Rev. Stat., §§ 1444 and 1589 [P. C. §§ 9960, 9931], since appellant and her counsel were entirely familiar with all things of record in the estate and in this controversy.

Appellant contends that the service was invalid and should have been quashed because made by a private citizen and not the sheriff, which contention is untenable under our decision in *Donaldson v. Winningham,* 62 Wash. 212, 113 Pac. 285.

This proceeding was not one under Rem. Rev. Stat., §§ 466, 467 and 468 [P. C. §§ 8132, 8133, 8134], to vacate a judgment for fraud practiced by the successful party, for which reason the case of *State ex rel. Hibler v. Superior Court,* 164 Wash. 618, 3 P. (2d) 1098, 78 A. L. R. 366, is not controlling. This is a

proceeding wholly in probate, and in such matters the superior court has exclusive, original and inherent jurisdiction.

The order appointing appellant as administratrix d. b. n. c. t. a. was improvidently entered. A court of general jurisdiction can by virtue of its inherent powers, and without the aid of statutes, clear its records of such a judgment, no matter in what form the application so to do is made. *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858; *Griffin v. Warburton,* 23 Wash. 231, 62 Pac. 765; *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446; *Lushington v. Seattle Auto & Driving Club,* 60 Wash. 546, 111 Pac. 785; *Macario v. Alaska Gastineau Mining Co.,* 96 Wash. 458, 165 Pac. 73, L. R. A. 1917E, 1152.

However, brushing aside all other questions as unimportant, there is one imperative reason why respondent should prevail. This probate has been pending since the will was probated on January 8, 1923. Respondent cites *Duvall v. Healy Lumber Co.,* 57 Wash. 446, 107 Pac. 357, 109 Pac. 305, to the effect that respondent had such an interest in the property as would enable her to contest the right of appellant to administer upon it. Somewhat strangely, respondent does not cite *In re Peterson's Estate,* 137 Wash. 137, 241 Pac. 964, where we reaffirmed the *Duvall* case, *supra,* quoted extensively and approvingly from it, and held that there could be no necessity for further administering upon that estate thirteen years after the death of decedent (which time was almost identical with that which has elapsed here), and in which we cited the *Griffin* case, *supra,* and two other cases by this court to that effect.

Here, as there, there are no rights of creditors involved. There has been no new or additional real or personal property discovered to be administered upon.

These cases are decisive and conclusive that the order entered appointing appellant administratrix d. b. n. c. t. a. was wholly improvident and invalid. There is nothing upon which she can administer, and respondent's legal and equitable rights are superior.

The judgment was right and is affirmed on both appeals.

MILLARD, C. J., and MITCHELL, J., concur.

BEALS and TOLMAN, JJ., concur in the result.

[1]Reported in 62 P. (2d) 1094.