[No. 13425.  Department Two.  June 20, 1916.]

NELLIE R. GRIFFITH, *Administratrix etc.*, *Appellant*, v.
M. O. JAMES *et al.*, *Respondents*.[1]

EXECUTORS AND ADMINISTRATORS—DE BONIS NON—POWERS—ACTION OF UNLAWFUL DETAINER. On the death of a husband serving as an executor for his deceased wife's one-half of the community estate, the right of action against a tenant for unlawful detainer passes to the administrator *de bonis non* of the community estate and not to the administrator of the deceased executor.

EXECUTORS AND ADMINISTRATORS—POWERS AS AGAINST HEIRS. Actions to recover both real and personal property may be maintained by an executor or administrator even against those claiming the property as heirs or devisees.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 29, 1915, dismissing an action of unlawful detainer, on granting a nonsuit, after a trial to the court. Reversed.

*H. W. Lueders*, for appellant.

PARKER, J.—This is an unlawful detainer action wherein the plaintiff, Nellie R. Griffith, as administratrix *de bonis non* of the estate of Jennie V. Thomas, deceased, seeks recovery of the possession of premises situated in Tacoma, and also rent claimed to be due thereon from the defendants, M. O. James and wife. The case proceeded to trial in the superior court for Pierce county, sitting without a jury, when, at the close of evidence introduced in plaintiff's behalf, the court, on motion for nonsuit made by counsel for the de-

[1]Reported in 158 Pac. 251.

fendants, granted the same and entered its order dismissing the action. From this disposition of the case the plaintiff has appealed to this court.

On October 14, 1913, August Thomas and Jennie V. Thomas were husband and wife and then owned as their community property the premises here in controversy. On that day, Jennie V. Thomas died, leaving a will naming her husband as executor thereof. This will was duly admitted to probate in the superior court for Pierce county, and August Thomas duly qualified as executor thereof on December 30, 1913. Soon thereafter he rented the premises to respondents M. O. James and wife at a monthly rental of $20, which was paid by them up until February 8, 1914. On June 15, 1914, August Thomas died, leaving the estate of his deceased wife and of the community composed of himself and his deceased wife unadministered, and appellant Nellie R. Griffith was soon thereafter, by the superior court for Pierce county, duly appointed administratrix *de bonis non* with the will annexed of the unadministered estate. She duly qualified as such on June 27, 1914, and has ever since been the duly qualified and acting administratrix *de bonis non* of that estate. On March 10, 1915, proceeding under the unlawful detainer statute, she caused to be served upon respondents James and wife a notice demanding that they pay the rent in arrears, which she claimed then amounted to $260, and that they vacate and surrender the premises. Respondents having declined to comply with these demands, this action followed. The above noticed facts are admitted by the pleadings in the case. The testimony of appellant given upon the trial was in substance that respondents were in arrears in payment of the rent from the 8th day of February, 1914, in all thirteen months, amounting to $260, and also that respondents had admitted to her that the rent accruing after that date had not been paid. It would seem then that appellant had clearly made a *prima facie* case entitling her to

recover as administratrix unless her testimony as to the balance due upon the rent is to be disregarded.

We are somewhat at a loss to understand the exact grounds upon which counsel for respondents rested their motion for nonsuit other than the general ground stated therein, that conceding all the evidence introduced to be true, appellant was not entitled to recover. We are also somewhat at a loss to understand the exact grounds the trial court rested its ruling upon in dismissing the action upon this motion. Remarks of the court made in disposing of the case render it apparent that its decision was not rested upon the insufficiency of the evidence so far as the merits of the case is concerned. The court observed: "If the plaintiff recovers in this action I cannot see but what the executor of the Thomas estate (evidently meaning the estate of August Thomas) might demand payment for the same thing."

It seems plain from the provisions of Rem. & Bal. Code, § 1429 (P. C. 409 § 253), that appellant as administratrix *de bonis non* succeeded to all the powers and duties of August Thomas as executor. In 11 R. C. L. 421, the general rule in such cases is stated as follows:

"When an administrator dies the title to all unadministered and unconverted assets passes to the administrator *de bonis non,* and must be administered by him, and not by the administrator of the first administrator."

It has also become the settled law of this state that actions to recover both real and personal property may be maintained by an executor or administrator even against those claiming the property as heirs or devisees. *Gibson v. Slater,* 42 Wash. 347, 84 Pac. 648; Rem. & Bal. Code, §§ 1366, 1449, 1534, 1535 (P. C. 409, §§ 669, 293, 485, 487).

We are not favored with a brief in behalf of respondents. On the record before us, we are constrained to hold that the learned trial judge fell into error in granting the motion for nonsuit made in respondents' behalf. The judgment of dis-

missal is reversed, and the cause remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

MORRIS, C. J., HOLCOMB, and BAUSMAN, JJ., concur.