[No. 13377. Department Two. July 7, 1916.]

D. R. BISHOP, *Appellant*, v. FLORENCE LOCKE, *as Executrix etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—RIGHT TO POSSESSION OF REALTY —NONINTERVENTION WILLS—TIME FOR ADMINISTRATION. Under Rem. & Bal. Code, §§ 1366, 1449, 1534, entitling executors to the possession of the real property during administration, an action for partition does not lie against an executrix in possession under a nonintervention will prior to the expiration of one year after the death of the testator; in view of Id., § 1444, providing that claims against such estates shall be paid within one year from the date of publication of notice to creditors, which is the same time allowed for administering ordinary estates.

SAME—NONINTERVENTION WILLS—FAILURE TO EXECUTE TRUST—RELIEF—COMPLAINT—SUFFICIENCY. A complaint for partition against an executrix of a nonintervention will is insufficient as a claim for equitable relief under Rem. & Bal. Code, § 1444, providing therefor in case the trust is not being faithfully discharged, where it merely alleges lack of harmony between the heirs and threatened foreclosures under which the property may be lost, and does not charge the executrix with any failure of duty required by law.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 27, 1915, dismissing an action for partition, upon sustaining a demurrer to the complaint. Affirmed.

*Walter S. Fulton* and *Roy W. McCarthy*, for appellant.

PARKER, J.—The plaintiff, D. R. Bishop, seeks partition of two lots in Seattle, making Florence Locke, as executrix of the last will of Mary J. Bishop, his deceased wife, and

[1]Reported in 158 Pac. 997.

others claiming interest in the lots, defendants. The demurrer of the defendant Florence Locke, as executrix, to the complaint upon the ground, among others, that it does not state facts constituting a cause of action against her as executrix, was sustained by the superior court. The plaintiff, electing to stand upon his complaint and not plead further, judgment of dismissal was rendered against him, from which he has appealed to this court.

The controlling facts as alleged in the complaint may be summarized as follows: On August 17, 1914, appellant and Mary J. Bishop were husband and wife and the owners of the lots here in controversy as their community property. On that day, Mary J. Bishop died testate. "The will of said Mary J. Bishop is a nonintervention will and names Florence Locke as the executrix thereof, . . . by the will of said Mary J. Bishop she willed to the plaintiff D. R. Bishop a life interest in her undivided one-half of said property with the remainder to the children of said plaintiff and deceased, share and share alike." The will was duly admitted to probate in the superior court for King county, and Florence Locke, respondent, has ever since been the duly qualified and acting executrix thereof. This action was commenced on August 11, 1915, less than one year after the death of Mary J. Bishop, consequently within the year prescribed by statute for the presentation of claims of creditors against estates and before the time for settlement, distribution or partition of the estate would in the ordinary course of events arrive. The lots are incumbered by mortgages and local improvement assessments and are alleged to be menaced by foreclosure proceedings. They are in the possession in common of appellant and the five children of appellant and his deceased wife, respondent Florence Locke being one of those children, all of whom are made defendants in the case. Following the allegations disclosing these facts, it is alleged as follows:

"That a lack of harmony exists between plaintiff and his said children, making it impossible for them to manage said

property in common or to subserve each other's interests by holding the same in common; . . . .

"That said property, by reason of the facts herein set forth is being wasted and the interests of the respective parties therein will be wholly lost to them unless a partition of said property is had, setting apart and aside to the persons interested therein, their respective moieties, which can be done and it is practicable to have done.

"That said named children refuse to co-operate with the plaintiff D. R. Bishop in the settlement of said mortgage indebtedness and said incumbrances; that plaintiff is anxious and able to pay and discharge his proportionate share of said incumbrances, but is prevented from doing so with the title to the property in its present state."

This is followed by prayer for partition of the lots in controversy and for general equitable relief.

Counsel for appellant seem to proceed upon the theory that he is entitled to possession and to have set apart to him his share of the estate, even against the executrix while the estate is in course of administration, because it is being administered by the executrix under a nonintervention will, and that he may enforce such claimed right by an action of this nature on the equity side of the court. We are unable to see that an executrix's right of possession and control of the property of the estate being administered is any less under this nonintervention will than it would be under an ordinary will leaving the administration of the estate subject to the control of the court. It is the settled law of this state that executors and administrators are entitled to the possession and control of the property, both real and personal, of estates while being administered by them, as against heirs and devisees, as well as all other persons. Rem. & Bal. Code, §§ 1366, 1449, 1534; *Gibson v. Slater*, 42 Wash. 347, 84 Pac. 648; *Griffith v. James*, 91 Wash. 607, 158 Pac. 251. In this connection it is to be noticed that Rem. & Bal. Code, § 1444, relating to the administration of estates under nonintervention wills, provides, among other things,

"That in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time  .  .  .,"

plainly contemplating that an executor of a nonintervention will has, especially if the will does not direct otherwise, the same time within which to administer the estate as ordinary executors or administrators.  There is no allegation here showing any direction in this respect by the terms of the will.  We are of the opinion that, in so far as the contentions of counsel for appellant proceed upon this theory, they amount to nothing more than an attempt to force distribution and partition of the estate as against the possession and control of the executrix while the estate is in the course of administration and before the time for distribution or partition has arrived.  Clearly this cannot be done.

Counsel for appellant seem to contend, in the alternative, that the allegations of the complaint in any event are sufficient to entitle him to some relief under those provisions of Rem. & Bal. Code, § 1444, relating to nonintervention wills, reading as follows:

"If the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking under the will, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the court of the county wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such actual doings of the executor, then letters testamentary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates."

The trouble with this contention of counsel is that we are unable to view the allegations of the complaint as showing failure on the part of the executrix to execute her trust faithfully or to take care of or promote the interests of the parties interested, or that any damage will result from her action or failure of action. The fact that there is a lack of harmony between appellant and his children, of whom she is one, and that the property is subject to mortgages and incumbrances which might be foreclosed, certainly does not show that respondent as executrix is failing in her duty required by the terms of the will or the law. Indeed, the terms of the will as to her particular duties, if it contains any such, are not disclosed by the allegations of the complaint, nor is it disclosed as to what other property the estate consists of, nor what is being done with any such other property, nor the status of the estate as to its indebtedness other than upon the incumbrances mentioned, nor even as to what respondent as executrix is doing or failing to do looking to the care of the estate as regards these incumbrances or other indebtedness of the estate. We are of the opinion that the complaint does not allege facts entitling appellant to any relief as against the executrix under the provisions of § 1444, last above quoted, assuming that the complaint may be regarded as an application to the court under that section.

The judgment is affirmed.

MORRIS, C. J., BAUSMAN, HOLCOMB, and MAIN, JJ., concur,